**Don DEFORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43254.**

Court of Criminal Appeals of Texas.

Dec. 2, 1970.

Thomas Rocha, Jr., San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles Conaway and Sparta Bitsis, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction was on November 10, 1969 for the unlawful sale to Steirly Reese Rozzell of a dangerous drug, to-wit: Lysergic Acid Diethylamide. The punishment was assessed at ten years.

Appellant urges fundamental error in that the sale was alleged to have been made to Steirly Reese Rozzell whereas the actual sale was made to John Lackey.

The appellant and his retained counsel waived in writing, the right of trial by jury which was timely and properly approved by the state's attorney and the court. Upon his plea of guilty, the appellant was duly and properly admonished of the consequences of his plea and of his rights by the court. At the time the plea of guilty was entered, the appellant told the court he had read the indictment and was aware of its allegations and was guilty of the offense charged, and he applied for probation. Appellant's plea of guilty was then accepted by the court.

The record reflects a careful compliance with the statutes relating to waiver of trial by jury and trial on plea of guilty before the court. Arts. 1.13, 1.15 and 26.14, Vernon's Ann.C.C.P.

The appellant, in the presence of the court, acknowledged in writing that he had read and understood the stipulations of the testimony in which he admitted the commission of the offense charged and that it was true and correct and made no objections when the same was admitted in evidence. The appellant at this time announced he would not offer any evidence.

The court found the appellant guilty as charged on November 10, 1969 and assessed his punishment at ten years in the Texas Department of Corrections. The court later denied the application for probation. The error as urged is overruled.

The appellant contends that the trial court erred in denying his motion for a new trial on the ground that it was not timely and properly given. No good cause is shown to support the late filing of said motion. No error is presented.

The judgment is affirmed.