Alan Wayne **DUKE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43805.

Court of Criminal Appeals of Texas.

Feb. 3, 1971.

No attorney on appeal for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is driving while intoxicated, a subsequent offense; the punishment, ten days in jail and a fine of $500.00.

The record reflects that after a plea of guilty before the court, sentence was pronounced on the same day, April 27, 1970. Also, on April 27th, a motion for new trial was filed and amended. Such sentence is silent as to any waiver of the ten days in which to file a motion for new trial or in arrest of judgment, nor is there any other evidence of such waiver in the form of a separate instrument, notation on the docket sheet or in the transcription of the court reporter's notes. The sentence is not to be entered until after the expiration of the time allowed for making such motion unless there is a waiver of such period. Bedell.v. State, Tex.Cr.App., 443 S.W.2d 850.

If the trial court finds that it has an untimely and improperly pronounced sentence and the accused desires to be heard on his timely filed and presented motion for new trial or in arrest of judgment, then the sentence should be set aside and repronounced in the event the motions are subsequently overruled.

For the reasons stated, the appeal is dismissed.