Dorothy Thomas **JAMES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45436.

Court of Criminal Appeals of Texas.

June 7, 1972.

Gowdy & Hall by Billy Hall, Littlefield, for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for possession of alcoholic beverage in a dry area. Punishment was assessed at six months in jail and a fine of $500.

The record reflects that after a plea of guilty before the court, sentence was pronounced on the same day, August 9, 1971. On August 17, 1971, and within ten days of the judgment, appellant filed a motion for new trial. On August 20, 1971, after a hearing, the trial court entered an order overruling the motion for new trial and appellant excepted and gave notice of appeal. The record does not reflect that sentence was repronounced after the order overruling the motion for new trial. Such sentence is silent as to any waiver of the ten days in which to file motions for new trial or in arrest of judgment, nor is there any other evidence of such waiver in the form of a separate instrument, notation on the docket sheet or in the transcription of the court reporter's notes. The sentence is not to be entered until after the expiration of the time allowed for making such motion unless there is a waiver of such period. Duke v. State, Tex.Cr.App., 462 S.W. 2d 596; Bedell v. State, Tex.Cr.App., 443 S.W.2d 850.

 

Where sentence has been improperly and untimely entered, this Court is without jurisdiction in this type of case to entertain this appeal. Article 42.04, Vernon's Ann. C.C.P.; Adams v. State, Tex.Cr.App., 440 S.W.2d 844; Yordy v. State, Tex.Cr.App., 425 S.W.2d 352.

For want of a proper sentence, the appeal must be dismissed. Finley v. State, Tex. Cr.App., 440 S.W.2d 849.

Since sentence was not properly entered, it may now be pronounced and the accused may give notice of appeal, and in such event, proceedings may then be had in the trial court pursuant to Article 40.09, V.A. C.C.P. Herbort v. State, Tex.Cr.App., 422 S.W.2d 456; Clemons v. State, Tex.Cr. App., 414 S.W.2d 940; DeMary v. State, Tex.Cr.App., 423 S.W.2d 331.

For the reasons stated, the appeal is dismissed.

Opinion approved by the Court.