**Jessie Lee ROBINSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47579.**

Court of Criminal Appeals of Texas.

Feb. 6, 1974.

Daylee Wiggins, Beaumont, (on appeal only), for appellant.

Tom Hanna, Dist. Atty., & John R. DeWitt, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for burglary with intent to commit theft wherein the punishment was assessed at twelve (12) years.

---

Judgment was entered on November 20, 1972. Appellant waived the time to file a motion for new trial or motion in arrest of judgment and sentence was imposed on the same date. Notice of appeal was not given. Appellant was apparently represented by retained counsel.

On February 14, 1973, the court appointed Honorable Daylee Wiggins as counsel for appellant. Such counsel filed a motion for new trial on February 20, 1973, and the court conducted a hearing on such motion without setting aside the sentence earlier imposed. At the hearing appellant offered no evidence and the motion was overruled. The court then resentenced the appellant and then permitted the appellant to give notice of appeal. Such resentence is not in the record before us.

■ First, we observe that the motion for new trial was not timely filed in light of the provisions of Article 40.05, Vernon's Ann.C.C.P. Further, where a defendant has waived the time in which to file motions for a new trial and in arrest of judgment and sentence is pronounced, then the court is under no obligation to permit such motions to be filed. Adams v. State, 440 S.W.2d 844 (Tex.Cr.App. 1969); Bedell v. State, 443 S.W.2d 850 (Tex.Cr.App. 1969); Bennett v. State, 450 S.W.2d 652 (Tex.Cr. App. 1970). If the court agrees to permit the belated filing of a motion for new trial where sentence has been pronounced, sentence should be set aside and an order to that effect entered. Adams v. State, supra; Duke v. State, 462 S.W.2d 596 (Tex. Cr.App. 1971). And "good cause" should be shown for the late filing of such a motion for new trial. Article 40.05, supra; cf. Defore v. State, 460 S.W.2d 128 (Tex. Cr.App. 1970).

It is noted that the sentence was not set aside and good cause for belated filing was not made.

Further, the court's action could not be authorized under Article 40.09, Sec. 12, Vernon's Ann.C.C.P. See and cf. Watkins v. State, 438 S.W.2d 819 (Tex.Cr.App. 1969).

It appears obvious that the action taken was designed to give the appellant the opportunity to give a belated notice of appeal.

Article 44.08, Vernon's Ann.C.C.P., provides the time limitations for giving notice of appeal. Section (e) of such statute provides:

"(e) For good cause shown, the trial court may permit the giving of notice of appeal after the expiration of such ten days."

In Menasco and Hill v. State, 503 S.W.2d 273 (delivered July 3, 1973), this court first said:

"The phrase 'good cause,' as used in Article 44.08(e), V.A.C.C.P. authorizing the trial court to permit the giving of late notice of appeal, necessarily implies that such a finding will be based upon sufficient evidence. When the trial court does permit the giving of a late notice of appeal it is subject to the review of this court to determine whether 'good cause' has been shown. Evidence in the record must support the trial court's order. The supportive evidence should be by affidavit or sworn testimony." See also McDonald v. State, 501 S.W.2d 111 (Tex.Cr.App. 1973); McCuin v. State, 504 S.W.2d 512 (Tex.Cr. App., delivered January 30, 1974).

There is nothing in the record to support the giving of belated notice of appeal. In absence of the necessary supporting evidence, we cannot determine if there was "good cause" to support a belated notice of appeal. See Menasco and Hill v. State, supra.

■ A trial court may not use the procedure here utilized to avoid the necessity of showing "good cause."

The appeal is dismissed.