**Oliver James BOYKIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49182.**

Court of Criminal Appeals of Texas.

Dec. 18, 1974.

Rehearing Denied Jan. 15, 1975.

Michael Crawford, Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. De Witt, III, and Andy Tobias, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted of possession of heroin; punishment was assessed at ten years.

In his first ground of error, appellant contends he was denied a fair trial because the jury received new evidence after retiring to deliberate on the case, in violation of Article 40.03, Secs. 7 and 8, Vernon's Ann.C.C.P.

■ Appellant's motion for new trial upon which this contention is based was filed September 29, 1972. No amended motion was filed by leave of the court as permitted by Article 40.05, V.A.C.C.P., nor was the time for filing or amending extended for good cause shown as permitted by that same article. A hearing on the motion was conducted on November 10, 1972, long in excess of the twenty days permitted by Article 40.05, V.A.C.C.P., for determination of the motion. Since the State had not taken issue with the truth of any cause set forth in the motion prior to the expiration of the twenty days, no hearing was required by Article 40.06, V.A.C.C.P. In the absence of such mandate by Article 40.06, supra, the motion for new trial was overruled by operation of law twenty days after it was filed. Article 40.-05 does not authorize an extension of time for determination of the motion. Morton v. State, Tex.Cr.App., 502 S.W.2d 121. Consequently, the hearing conducted on the motion was unauthorized and will not be considered by this Court. Cf. Jones v. State, Tex.Cr.App., 501 S.W.2d 677; McCall v. State, Tex.Cr.App., 512 S.W.2d 334.

■ Considering the motion for new trial, the transcription of the court reporter's notes of the trial itself, and the other matters properly in the record before us, without reference to the record of the unauthorized hearing, we are unable to find a violation of Article 40.03, Secs. 7 and 8, supra, sufficient to require a new trial.

Appellant's first ground of error is overruled.

■ By his second ground of error appellant contends he was tried without indictment because prior to trial the indictment was dismissed upon motion of the State. Article 32.02, V.A.C.C.P., provides:

"The attorney representing the State may, by permission of the court, dismiss a criminal action at any time upon filing a written statement with the papers in the case setting out his reasons for such dismissal, which shall be incorporated in the judgment of dismissal. No case shall be dismissed without the consent of the presiding judge."

The record reflects that although a *nolle prosequi* was presented to the trial judge, it was subsequently withdrawn with permission of the court before consent to dismiss was given by the judge. Appellant's contention is therefore without merit and overruled.

By his third ground of error appellant challenges the sufficiency of the evidence. The arresting officers testified that acting on a tip from an established informant they approached appellant on a street in Houston and observed him drop a package which proved to be the contraband upon which this prosecution was based. Although appellant offered evidence conflicting with that of the officers, it is so well established that the credibility of witnesses is a matter for the trier of fact that no authority need be cited therefor. The evidence was sufficient.

Finally, appellant complains of the statement in the prosecutor's argument to the jury, "You can shoot it or you can sell it." No objection was made. Nothing is presented for review. E. g., Jackson v. State, Tex.Cr.App., 501 S.W.2d 660; Jones v. State, supra.

Finding no reversible error, the judgment is affirmed.