**Ricky Lawrence CARPENTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53314.**

Court of Criminal Appeals of Texas.

Oct. 6, 1976.

Louis Dugas, Jr., Orange, for appellant.

Bill A. Martin, Dist. Atty., Newton, Monte D. Lawlis, Asst. Dist. Atty., Jasper, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an attempted appeal from a conviction for aggravated kidnapping. Punishment was assessed at imprisonment for sixty (60) years.

The record before us does not reflect that notice of completion thereof was given to the parties as required by Article 40.09, Sec. 7, Vernon's Ann.C.C.P. Further, the record on appeal has not been approved by the trial court as required by that statute. Neither the appellant's nor the State's brief

bears a file mark of the Clerk of the trial court. Consequently, even had the record been properly approved, we would be unable to determine whether or not the briefs were timely filed. See Article 40.09, Secs. 9 and 10, Vernon's Ann.C.C.P.

■■■ For the reasons stated above we would ordinarily abate this appeal for compliance with Article 40.09, Vernon's Ann.C. C.P. However, even if the record were properly before us pursuant to Article 40.09, supra, the papers contained therein reflect that an appeal has not been properly perfected and we must dismiss same for lack of jurisdiction.

After appellant was convicted by a jury of the offense of aggravated kidnapping, the jury returned its verdict assessing appellant's punishment at imprisonment for sixty (60) years on February 10, 1976. See *Faurie v. State*, 528 S.W.2d 263 (Tex.Cr. App.1975). The record reflects that appellant timely filed a motion for new trial on February 20, 1976. See Article 40.05, Vernon's Ann.C.C.P. On the same date sentence was pronounced; however, the record does not reflect that the trial court had acted on the motion for new trial prior to pronouncing sentence. On March 3, 1976, and within 20 days of the filing of the original motion for new trial, appellant filed a motion to extend the time for filing an amended motion for new trial. The trial court granted appellant's motion and extended the time in which to file an amended motion for new trial for 20 days from March 3, 1976. On March 22, 1976, and within the time as extended by the trial court, appellant filed his amended motion for new trial. On April 9, 1976, the trial court overruled the amended motion for new trial and appellant gave notice of appeal. Sentence was not re-pronounced after the amended motion for new trial was overruled.

Article 42.03, Vernon's Ann.C.C.P., relating to sentences in felony and misdemeanor cases, provides that such sentences shall be pronounced "at any time after the expiration of the time allowed for making the motion for new trial or the motion in arrest of judgment . . . ." Article 40.05, supra, and Article 41.02, Vernon's Ann.C.C.P., provide that a motion for new trial and a motion in arrest of judgment must be made within ten days after conviction. See *Faurie v. State*, supra. Therefore, sentence is not to be pronounced until after the expiration of the time for filing such motion. *Adams v. State*, 440 S.W.2d 844 (Tex.Cr. App.1969); *Payne v. State*, 471 S.W.2d 815 (Tex.Cr.App.1971). Further, we held in *Bedell v. State*, 443 S.W.2d 850 (Tex.Cr.App. 1969), that where a motion for new trial or motion in arrest of judgment is timely filed, sentence should not be pronounced until such motions have been overruled following a hearing or by operation of law, or the motion is withdrawn, accompanied by a waiver of any unexpired time in which to file another such motion. See also *Matheson v. State*, 492 S.W.2d 273 (Tex.Cr.App. 1973); *James v. State*, 480 S.W.2d 690 (Tex. Cr.App.1972); *Duke v. State*, 462 S.W.2d 596 (Tex.Cr.App.1971); *Scott v. State*, 452 S.W.2d 915 (Tex.Cr.App.1970).

In the instant case appellant's timely filed original motion for new trial would not have been overruled by operation of law until March 11, 1976, twenty days after it was filed. See *St. Jules v. State*, 438 S.W.2d 568 (Tex.Cr.App.1969); *Morton v. State*, 502 S.W.2d 121 (Tex.Cr.App.1973). As stated above, the record in the instant case is silent as to whether the trial court overruled the motion for new trial prior to pronouncing sentence on February 20, 1976; and, we find nothing in the record to show that the original motion for new trial was withdrawn. On the contrary, the record reflects that the trial court extended the time to file an amended motion for new trial until March 23, 1976. Appellant filed such motion on March 22, 1976, and the trial court overruled it on April 9, 1976.

We conclude that the February 20, 1976, sentence was untimely. See *Woods v. State*, 532 S.W.2d 608 (Tex.Cr.App.1976), and the numerous cases there cited. To confer jurisdiction on this Court sentence should have been pronounced after the amended motion for new trial was over-

ruled. No such sentence appears to have been pronounced and we must, therefore, dismiss the appeal.

Upon receipt by the Clerk of the trial court of mandate of dismissal the trial court should pronounce sentence and appellant may give notice of appeal, if he so desires. See Article 44.08(c), Vernon's Ann.C.C.P. In such event, proceedings pursuant to Article 40.09, Vernon's Ann.C.C.P., may be had.

The appeal is dismissed.