Fred MEANS, Appellant,

v.

The STATE of Texas, Appellee.

No. 54975.

Court of Criminal Appeals of Texas.

June 14, 1977.

Thomas R. Grett, Longview, for appellant.

Odis R. Hill, Dist. Atty. and Quita Russell, Asst. Dist. Atty., Longview, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is a purported appeal from a conviction for the unauthorized use of a motor propelled vehicle under the provisions of V.T.C.A., Penal Code, § 31.07. Punishment was assessed at three (3) years in the Department of Corrections.

From the record before this court the appeal must be dismissed since the sentence was untimely pronounced.

The record reflects that on July 21, 1976, the appellant, represented by counsel, waived the right to be charged by indictment and was charged by information. He also waived trial by jury and entered a guilty plea before the court. He was admonished by the court as to the consequences of his plea and took the witness stand and made a judicial confession. The court then assessed punishment and stated: "I'll give you ten days before sentencing." This reference apparently meant the ten

day period in which to file a motion for new trial (Article 40.05, Vernon's Ann.C.C.P.) or motion in arrest of judgment (Article 41.02, Vernon's Ann.C.C.P.). In the record and dated the same date as the trial (July 21, 1976), is an instrument entitled "Waiver of Motion for New Trial and Right of Appeal."[1] Two days later on July 23, 1976, the appellant did file a motion for new trial stating that it was being filed "with leave of the court first had and obtained."

On August 2, 1976 the court sentenced the appellant, but there is no showing that the court overruled the motion for new trial prior to pronouncing sentence.

■ Article 42.03, § 1, Vernon's Ann.C. C.P., provides that a sentence shall be pronounced "at any time after the expiration of the time allowed for making the motion for a new trial or the motion in arrest of judgment." Article 40.05, supra, and Article 41.02, supra, respectively provide that a motion for new trial and a motion in arrest of judgment must be made ten days after conviction. See *Faurie v. State,* 528 S.W.2d 263 (Tex.Cr.App.1975); *Woods v. State,* 532 S.W.2d 608 (Tex.Cr.App.1976). Therefore, sentence is not to be pronounced until after the expiration of the time for filing such motions in absence of a valid waiver of the time in which to file such motions. *Adams v. State,* 440 S.W.2d 844 (Tex.Cr.App.1969); *Payne v. State,* 471 S.W.2d 815 (Tex.Cr.

App.1971). Further, we stated in *Bedell v. State,* 443 S.W.2d 850 (Tex.Cr.App.1969), that where a motion for new trial or motion in arrest of judgment is timely filed, sentence should not be pronounced until such motions have been overruled following a hearing or by operation of law or unless the motion or motions are withdrawn accompanied by a waiver of any unexpired time in which to file another such motion. See *Adams v. State,* supra; *Carpenter v. State,* 541 S.W.2d 446 (Tex.Cr.App.1976).

■ In the instant case sentence was pronounced on August 2, 1976 without any showing the court overruled the motion for new trial or that the motion was withdrawn. The timely motion for new trial would not have been overruled by operation of law until August 12, 1976, twenty days after it was filed. *St. Jules v. State,* 438 S.W.2d 568 (Tex.Cr.App.1969); *Morton v. State,* 502 S.W.2d 121 (Tex.Cr.App.1973). The sentencing having been improperly and untimely pronounced without the timely filed motion for new trial having been overruled by action of the court or by operation of law and at a time when the motion had not been withdrawn,[2] the sentence is voidable and the appeal must be dismissed. See *Ex parte Shields,* 550 S.W.2d 670 (Tex.Cr. App., Opinion on State's Motion for Rehearing, May 18, 1977). Upon receipt by the District Clerk of our mandate of dismissal, the procedure to be followed is that dis-

---

1. A waiver of the right to appeal is not binding on a defendant when made after judgment but prior to sentence. See *Ex parte Thomas,* 545 S.W.2d 469 (Tex.Cr.App.1977); *Bailey v. State,* 543 S.W.2d 653 (Tex.Cr.App.1976). Since the waiver of a motion for new trial comes before the sentence, the advisability of combining a waiver of a motion for new trial with a waiver of the right of appeal is questionable in light of the cases cited. It is further observed that the waiver here makes no reference to a waiver of a motion in arrest of judgment.

2. After the sentencing the court asked appellant's counsel if he wanted ten days in which to file a motion for new trial and counsel indicated he did. The motion, of course, had already been filed on July 23rd. It is here noted that where the court permits the belated filing of a motion for new trial *where sentence has been pronounced,* sentence should be set aside

and an order entered to that effect. *Robinson v. State,* 505 S.W.2d 298 (Tex.Cr.App.1974); *Adams v. State,* supra; *Duke v. State,* 462 S.W.2d 596 (Tex.Cr.App.1971). On August 13, 1976, appellant's counsel withdrew his motion for new trial. Since no such motion was filed after sentence, reference was obviously to the motion filed on July 23rd which had not been earlier withdrawn. On the same date appointed trial counsel withdrew and other counsel was appointed for the purpose of appeal.

It is further observed that since more than ten days had expired from the time of conviction until the day of sentencing without the filing of a motion in arrest of judgment the right to file such motion had expired by the time of sentencing and there was no need for the record to reflect a waiver of the time in which to file such motion prior to sentencing.

cussed in *Woods v. State,* supra; *Mendez v. State,* 535 S.W.2d 365 (Tex.Cr.App.1976); *Middleton v. State,* 537 S.W.2d 25 (Tex.Cr. App.1976).

It is observed that appellant's appointed counsel on appeal has filed a brief in which he concluded the appeal is wholly frivolous and without merit. Following the issuance of the mandate of dismissal, counsel should brief the question of whether waiver of an indictment for the offense of theft of property of $200 or more but less than $10,000, see V.T.C.A., Penal Code, § 31.03(d)(4), will justify the filing of an information, without indictment, charging the offense of unauthorized use of a motor propelled vehicle. See V.T.C.A., Penal Code, § 31.07. Further, counsel should brief the question of the significance of the decision in *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), might have in light of the plea bargain agreement reflected by the record before us.

Following the issuance of the mandate of dismissal the trial court maintains its right to grant a new trial under Article 40.09, Vernon's Ann.C.C.P.

For the reasons stated, the appeal is dismissed.

ODOM, Judge.

I concur in the dismissal of this appeal. Because the sentence was untimely pronounced, this Court is without jurisdiction. Although the majority decline to expressly acknowledge that lack of jurisdiction is the cause for dismissal, the fact of dismissal in this case necessarily implies a lack of jurisdiction because no lesser defect would support our action.

The Constitution of Texas mandates this Court's appellate jurisdiction:

"The Court of Criminal Appeals shall have appellate jurisdiction co-extensive with the limits of the State in all criminal cases of whatever grade, with such exceptions and under such regulations as may be prescribed by law." Art. 5, Sec. 5, Vernon's Ann.Tex.Const.

The Legislature, acting pursuant to the power granted by this provision, has created a statutory right of appeal in Art. 44.02, V.A.C.C.P., which provides:

"A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed."

Only jurisdictional defects can defeat a defendant's right to have his appeal heard by this Court. In *Chumbley v. State,* 137 Tex.Cr.R. 491, 132 S.W.2d 417 (1939) it is written:

"Every person who takes an appeal from a conviction of the county or district court over which this court has been given jurisdiction is legally entitled to have his cause reviewed."

In *Young v. State,* 172 S.W.2d 500 (Tex.Cr. App.1943), the Court stated:

"The right of appeal, where authorized, is a valuable right and should be denied only where the express mandate of law so provides."

The majority opinion, by a careful choice of words, has dismissed this appeal without expressly acknowledging our lack of jurisdiction:

"The sentencing having been improperly and untimely pronounced without the timely filed motion for new trial having been overruled by action of the court or by operation of law and at a time when the motion had not been withdrawn, the sentence is voidable and the appeal must be dismissed. See *Ex parte Shields,* 550 S.W.2d 670 (Tex.Cr.App., Opinion on State's Motion for Rehearing, May 18, 1977)."

The fact of dismissal, however, necessarily means we are without jurisdiction, because to dismiss this case if we did have jurisdiction would be a violation of this Court's constitutional mandate to hear all appeals where our jurisdiction is invoked (unless subsequently waived) and would be a denial of appellant's statutory right to have his appeal heard today, and of his constitutional rights to due process and equal protection of the laws.

The exercise of this Court's appellate jurisdiction is not a matter of discretion.[1] The absence of discretion in this matter, and the constitutional powers, duties, and rights involved in the determination of whether dismissal will be ordered, further underscore the finding of lack of jurisdiction upon which the dismissal of this appeal necessarily rests.

If the majority dispute this conclusion, let them inform the citizens of Texas and our bench and bar on what grounds this Court may refuse to hear this appeal in the face of jurisdiction to hear it. Their failure to do so, and the very disposition of this case, acknowledge the validity of the dissent in *Ex parte Shields,* supra, on motion for rehearing, and the unanimous majority in that case on original submission. The majority in *Shields* on rehearing, however, declined even to address the issue before the Court in that case, although that issue was stated quite plainly by the petitioner therein, as set out in the dissenting opinion on rehearing. If this Court had the power to hear Shields' original appeal, as assumed by the majority on rehearing in that case, then the Court has the power to hear appellant's appeal in this case. That we do not hear it shows we may not hear it. The dismissal of this case, therefore, is either on jurisdictional grounds or is in flagrant disregard of this Court's constitutional mandate and appellant's rights. The presumption should be that this Court today acts in accordance with its constitutional duties and, therefore, that it today orders this dismissal on jurisdictional grounds.

On this basis, I concur in the dismissal.

1. *Chumbley v. State,* and *Young v. State,* both supra. Contrast our discretionary jurisdiction in original habeas corpus matters, as discussed in *Ex parte Norvell,* Tex.Cr.App., 528 S.W.2d 129, 130.