**Renaldo CLOPTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 53604.

Court of Criminal Appeals of Texas, En Banc.

April 12, 1978.

OPINION

ODOM, Judge.

This is an appeal from a conviction on a plea of guilty to the court for attempted burglary of a vehicle. V.T.C.A., Penal Code Secs. 30.04 and 15.01. Punishment was assessed at 90 days in the county jail and a $150.00 fine, and appellant was placed on misdemeanor probation. Art. 42.13, V.A.C. C.P.

The record on appeal consists only of a transcript of documents on file in the proceeding; there is no transcript of the court reporter's notes, nor is there an agreed statement or bill of exception. Art. 40.-09(6), (14), V.A.C.C.P. There is no indication that appellant is indigent, and no briefs

have been filed. We find no unassigned error that should be considered in the interest of justice.

We observe that a motion for new trial was filed on January 26, 1976, and was heard and overruled by the court on that date. Notice of appeal was then given. Although this was over ten days after conviction, the trial court's consideration of the motion will be accorded a presumption of regularity and this Court will not require a showing of good cause in the record on appeal to support an extension of time for filing or amending a motion for new trial under Art. 40.05, V.A.C.C.P. Contrast this rule with (1) the record must show good cause for late notice of appeal, *Robinson v. State*, Tex.Cr.App., 505 S.W.2d 298; *Morton v. State*, Tex.Cr.App., 502 S.W.2d 121; *Perez v. State*, Tex.Cr.App., 496 S.W.2d 627; (2) the trial court is without power to extend time for *determining* a motion for new trial, *Morton v. State*, supra; *St. Jules v. State*, Tex.Cr.App., 438 S.W.2d 568; and (3) good cause for an extension of time to file or amend a motion for new trial must appear in the record to support any *challenge* to a finding of *no* good cause, *Defore v. State*, Tex.Cr.App., 460 S.W.2d 128.

Giving the trial court's action the presumption of regularity due it, we find we do have jurisdiction of the cause.

The judgment is affirmed.

DALLY, Judge, dissenting.

The majority opinion will frustrate and delay justice, allow a back-log of cases to accumulate in the trial courts, and permit interminable delay of appeals, and it fails to fully discuss the pertinent statute to justify the result reached. This appeal should be dismissed because the notice of appeal was not timely.

Art. 40.05, V.A.C.C.P., in pertinent part, provides:

"A motion for new trial shall be filed within ten days after conviction as evidenced by the verdict of the jury, *and*

*may be amended by leave of the court* at any time before it is acted on within twenty days after it is filed. Such motion shall be presented to the court within ten days after the filing of the original or amended motion, and shall be determined by the court within twenty days after the filing of the original or amended motion, but for good cause shown the time for filing or amending may be extended by the court, but shall not delay the filing of the record on appeal." (Emphasis added.)

The order granting probation was entered on November 7, 1975, and a motion for new trial was filed on the same day. This motion for new trial was not determined within twenty days after it was filed. Since November 27th was a legal holiday, the motion could have been determined on or before November 28, 1975. See *Barbee v. State*, 432 S.W.2d 78 (Tex.Cr.App.1968). When it was not determined within twenty days, the motion for new trial was overruled by operation of law, and the trial court had no authority to extend the time for determining the motion for new trial beyond twenty days. Art. 40.05, V.A.C.C.P. See, e. g., *Steward v. State*, 422 S.W.2d 733 (Tex.Cr.App.1969); *St. Jules v. State*, 438 S.W.2d 568 (Tex.Cr.App.1969); *Morton v. State*, 502 S.W.2d 121 (Tex.Cr.App.1973); *Boykin v. State*, 516 S.W.2d 946 (Tex.Cr.App.1974); *Resendez v. State*, 523 S.W.2d 700 (Tex.Cr.App.1975); cf. *Grimes v. State*, 171 Tex.Cr.R. 298, 349 S.W.2d 598 (1961).

Art. 40.05, V.A.C.C.P., permits the court for good cause to extend the time for filing or amending the motion for new trial. However, the good cause should be apparent in the record, and the trial court's finding of good cause should be subject to review by this Court. In this case there was no effort to show that there was good cause for extending the time for filing a motion for new trial.

Art. 44.08(b), V.A.C.C.P., provides that in cases where probation is granted notice of appeal shall be given or filed within ten days after the overruling of the motion or

amended motion for new trial, if a motion or amended motion for new trial is filed. *McIntosh v. State,* 534 S.W.2d 143 (Tex.Cr. App.1976). Since notice of appeal was not given until January 26, 1976, long after the motion for new trial was overruled by operation of law on November 28, 1975, notice of appeal was not timely.

Art. 44.08, V.A.C.C.P., provides that the trial court may permit, for good cause, the giving of notice of appeal after the expiration of the statutory period of time. However, the good cause must be apparent in the record, and the trial court's finding of good cause is subject to review by this Court. See *Menasco v. State,* 503 S.W.2d 273 (Tex.Cr.App.1973); *Morton v. State, supra.* The trial court in this case was not requested to and did not allow a delay in the giving of notice of appeal.

Attempts to extend the time for determining the motion for new trial which appear in the record are without legal effect. On November 26, 1975, the appellant filed a second motion for new trial which was merely a duplicate of the printed form motion filed on November 7th. This motion was filed more than ten days after probation was granted—too late to be an original motion for new trial. Art. 40.05, V.A.C. C.P.; *Morton v. State, supra.* This second motion was not denominated an amended motion for new trial, and of more importance, it did not show, and the record does not otherwise show, that it was filed *with leave of court.* There is nothing to show that it was even called to the court's attention until many days later. Since the second motion was not filed with leave of court as is required by Art. 40.05, V.A.C. C.P., it was a nullity and did not affect the overruling of the first motion by operation of law on November 28, 1975.

Since the motion for new trial had already been overruled by operation of law, the court was without authority on December 24, 1975, to extend the time for filing a motion for new trial, as the court purported to do on that day. Also, the court's order denying the motion for new trial on January 26, 1976, was without legal effect since the motion for new trial had already been overruled by operation of law on November 28, 1975.

The majority blandly says, ". . . the trial court's consideration of the motion will be accorded a presumption of regularity and this Court will not require a showing of good cause in the record on appeal to support an extension of time for filing or amending a motion for new trial . . ." Art. 40.05, V.A.C.C.P., provides that for good cause shown the time for filing or amending a motion for new trial may be extended by the court but *shall not delay the filing of the record on appeal.* I see no discussion in the majority opinion concerning the obvious delay in the filing of the record on appeal in this case and the greater delay that will occur in future cases. Under the majority opinion the amended motion, rather than being filed January 26, 1976, could have been filed January 26, 1977, January 26, 1978, or at any future time without a showing of good cause as required by the statute and with the obvious delay in the filing of a record on appeal contrary to the provisions of the statute. This appellant filed no transcription of the court reporter's notes, and did not even file an appellate brief. The appeal was for delay only.

The appeal should be dismissed because the appellant failed to give timely notice of appeal.

DOUGLAS, ROBERTS and VOLLERS, JJ., join in this dissent.