IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-539-CR




DAVID BLACK,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 0912990, HONORABLE BOB JONES, JUDGE PRESIDING


 





PER CURIAM

 The district court found appellant guilty of possessing less than twenty-eight grams
of cocaine, a controlled substance. Tex. Health & Safety Code Ann. § 481.115 (West 1992). The
court assessed punishment at imprisonment for five years, probated. Appellant's sole point of
error is a challenge to the legal sufficiency of the evidence.

 On the night of May 9, 1991, Austin police officers Norris McKenzie and Jeffery
Haynes entered the Casanova Club during the course of their routine foot patrol. Inside, they saw
three men, one of them appellant, standing together with their hands extended toward each other. 
McKenzie believed that a transaction was taking place between appellant and one of the other
men. Appellant did not notice the officer, but the other men did and quickly walked away. 
Appellant was holding a small, clear bottle in his hand. When appellant finally looked up and saw
the officer approximately five feet from him, he tossed the bottle behind him onto the floor. 
McKenzie shined his flashlight on the bottle and saw inside it what he believed was a rock of
crack cocaine. Appellant was arrested and the bottle was seized. Subsequent tests confirmed that
the substance in the bottle was cocaine.

 Appellant urges that the State's evidence does not "affirmatively link" him to the
cocaine in that it does not establish that he exercised care, control, and management over the
substance knowing it was cocaine. See Castellano v. State, 810 S.W.2d 800, 805 (Tex.
App.--Austin 1991, no pet.). We disagree. Viewed in the light most favorable to the verdict, the
evidence establishes that appellant and his companions were engaged in a drug transaction and that
appellant attempted to throw away the contraband when he saw the officers. From appellant's
actions, the court could reasonably infer that he knew the substance in his possession was
contraband. The evidence is sufficient to sustain the finding of guilt. Boykin v. State, 516
S.W.2d 946, 948 (Tex. Crim. App. 1974). The point of error is overruled.

 The judgment of conviction is affirmed.


[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: October 7, 1992

[Do Not Publish]