IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-288-CR


NO. 3-93-289-CR


NO. 3-93-290-CR


NO. 3-93-291-CR


AND


NO. 3-93-292-CR




SHARON MELISSA AIROLDI,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY 



NOS. 387,139; 387,140; 387,141; 387,142; & 387,143



HONORABLE STEVE RUSSELL, JUDGE PRESIDING


 





PER CURIAM

 In each of these causes, appellant was convicted in municipal court of failing to
keep her property free of objectionable matter. (1) Austin, Tex., Code § 6-9-26 (1981). She
appealed the convictions to the county court at law. Tex. Gov't Code Ann. § 30.332 (West
1988). That court affirmed the judgments of conviction, and appeals to this Court followed. Tex.
Gov't Code Ann. § 30.344 (West 1988).

 At this Court's request, the parties submitted briefs addressing the question whether
appellant perfected her appeals to the county court at law. Specifically, the parties were asked
to discuss whether appellant's motion for new trial was filed timely and whether the municipal
court was authorized to extend the time for filing the motion for new trial after the deadline for
filing the motion had passed.

 To appeal to the county court at law from an Austin municipal court of record, the
defendant must file a written motion for new trial no later than the tenth day after the municipal
court judgment is rendered. Gov't Code § 30.332(c). The municipal court may for good cause
extend the time for filing the motion, but the extension may not exceed ninety days from the
original filing deadline. Id. In these causes, the judgments were rendered by the municipal court
on July 29, 1992. No motion for new trial was filed by August 8, 1992, the original deadline. 
On September 17, 1992, appellant filed a motion for extension of time to file motion for new trial. 
On October 18, the motion was granted and on October 26 (seventy-nine days after the original
deadline), the motion for new trial was filed. The municipal court overruled the motion on
October 31, 1992, and appellant filed her notices of appeal within ten days thereafter. Gov't Code
§ 30.332(d).

 Neither section 30.332(c) nor any other statute or rule specifies when a motion for
extension of time to file motion for new trial must be filed in the municipal court. In support of
her contention that the municipal court was authorized to extend the time for filing under the
circumstances presented, appellant refers us to an opinion of the Court of Criminal Appeals. 
Clopton v. State, 563 S.W.2d 930 (Tex. Crim. App. 1978). Clopton involved the application of
former article 40.05 of the Code of Criminal Procedure. Code of Criminal Procedure, 59th Leg.,
R.S., ch. 722, § 1, art. 40.05, 2 1965 Tex. Gen. Laws 317, 477 (Tex. Code Crim. Proc. Ann.
art. 40.05, since amended and repealed). That statute, like section 30.332(c), prescribed a time
limit for filing a motion for new trial subject to extension for good cause by the trial court, but
did not specify when the motion for extension of time was to be filed. In Clopton, the defendant
moved for an extension of time to file a motion for new trial after the deadline for filing had
passed, indeed after his original motion for new trial had been overruled. The trial court granted
the motion for extension of time, and considered and overruled the defendant's subsequently filed
motion for new trial. The Court of Criminal Appeals held that the actions of the trial court should
be accorded a presumption of regularity and that the appeal was properly before them.

 Section 30.332(c) provides that the time for filing a motion for new trial in the
municipal court may be extended for no more than ninety days beyond the filing date specified
by the statute. In these causes, the extension of time was requested and granted, and the motion
for new trial was filed, within ninety days of the original deadline. In the order granting the
motion for extension of time, the municipal court found that there was good cause for the
extension. Guided by the example of the Court of Criminal Appeals when confronted with an
analogous situation, we will presume that the actions of the municipal court were regular. We
therefore conclude that appellant's appeals to the county court at law were properly perfected, and
these causes are properly before us.

 In points of error one and two, appellant contends her double jeopardy claims were
erroneously overruled. In point one, appellant argues that the municipal court should have
granted her special plea of prior acquittal. In point two, appellant asserts that the State was
collaterally estopped from pursuing these prosecutions. Under both points of error, appellant
urges that these prosecutions were barred by her previous acquittal in municipal court cause
number 2,027,551, in which, according to appellant, she was prosecuted for the same offense.

 The record in cause number 2,027,551 is not before us. The only evidence
concerning this cause in the record is the testimony of appellant's friend James Logan, who
testified that on November 16, 1990, appellant was tried on "similar complaints regarding this
material" in her front yard and found not guilty by the court. Logan testified that the condition
of the property had not changed since that time.

 A finding that appellant was not guilty of failing to keep her property free of
objectionable matter on November 16, 1990, does not, in itself, bar her prosecution for failing
to keep her property free of objectionable matter on subsequent dates. Further, the record does
not establish that an issue of ultimate fact in the present causes was determined against the State
at the earlier trial. Ashe v. Swenson, 397 U.S. 436 (1970). To decide a claim of collateral
estoppel when the previous judgment is based on a general verdict, the record of the prior
proceeding must be examined, taking into consideration the pleadings, evidence, charge, and other
relevant matters. Id. at 444. None of that information is in the record, and Logan's testimony
is not an adequate substitute. Even if Logan's testimony was sufficient to raise a fact issue as to
prior jeopardy, no jury instruction was requested or given. Tex. Code Crim. Proc. Ann. art.
27.02 (West 1989). Points of error one and two are overruled.

 In her remaining points of error, appellant contends the municipal ordinance in
question is unconstitutionally vague, and that she is the victim of selective enforcement. The
ordinance provides, in pertinent part, that "[i]t shall be unlawful for an owner of any lot or parcel
of ground within this city to fail to keep the property owned by him free from . . . rubbish,
garbage, brush, trash or any other objectionable, unsightly, or unsanitary matter of whatsoever
nature." Austin, Tex., Code § 6-9-26 (1981). Appellant complains that terms such as
"objectionable" and "unsightly" are not defined in the ordinance, that the ordinance is given
varying interpretations and applications by the city sanitarians charged with its enforcement, and
she was not given fair notice of what she must do to comply with the ordinance.

 In analyzing a statute for vagueness when no First Amendment rights are involved,
we need determine only if the statute is impermissibly vague as applied to the challenging party's
specific conduct. Arnold v. State, 853 S.W.2d 543, 546 (Tex. Crim. App. 1993). Accordingly,
it is incumbent on appellant to show that in its operation, the ordinance is unconstitutional as
applied to her in her situation. Bynum v. State, 767 S.W.2d 769, 774 (Tex. Crim. App. 1989). 


 Appellant testified that in August 1987, she hired a contractor to remodel her house
in Austin. The job required extensive demolition of the existing structure, and over the next
twelve months the contractor removed portions of the inner and outer walls and the roof,
particularly from the kitchen and bathroom. As a result of this work, used lumber, insulation
material, pipe, and metal turbine vents, among other things, were piled in appellant's front yard. 
In August 1988, a dispute arose between appellant and the contractor, and all work stopped on
the house. As of the time of trial in July 1992, none of this material had been removed from the
lot. 

 Three city sanitarians testified to their inspections of appellant's property in
response to complaints from neighbors. Their descriptions of what they found were similar. One
of them, Susan Spire, testified that she saw "stacks of lumber, building materials, old, rotting
building material, and some metal pipes, metal parts." Spire testified that the entire front lawn
of the property was covered with three to four feet of debris. 

 The ordinance is not unconstitutionally vague merely because it does not define
certain of its terms. Id. Although the three sanitarians offered slightly different interpretations
of such words as "unsightly" and "objectionable," each agreed that the condition of appellant's
property violated the ordinance. Appellant testified that she was given conflicting advice by the
sanitarians as to how she could bring her property into compliance with the ordinance, but she
also testified that she made no effort to clean the property or otherwise bring herself into
compliance. We conclude that the ordinance gives a person of average intelligence fair notice that
leaving three to four feet of construction debris on a residential lot for four years is forbidden, and
clearly proscribes appellant's admitted conduct.

 We also conclude that appellant has not demonstrated that she is the victim of
arbitrary, selective enforcement. Appellant refers to testimony concerning what she calls
"unofficial variances" from the ordinance. In the testimony to which appellant refers, the
sanitarians stated that they do not cite property owners for violations of the ordinance if the lot
is an active construction site, or until after the owner has been given a reasonable period of time
to clear his property. These exceptions to the enforcement of the ordinance do not apply to
appellant. It was appellant's testimony that there had been no construction activity on her lot for
four years, and that she had taken no steps to clear her property of the offending debris. There
is no evidence that the ordinance has not been enforced against other persons similarly situated
to appellant. Points of error three, four, five, and six are overruled.

 The judgments of the county court at law are affirmed.


Before Justices Powers, Jones and Kidd

Affirmed on All Causes

Filed: November 3, 1993

Do Not Publish
1. Two of the complaints alleged that appellant failed to keep her property free of "stagnant
water, weeds, tall grass, rubbish, garbage, brush, trash or any other objectionable, unsightly or
unsanitary matter of whatsoever nature, to-wit: building debris, used lumber, rubbish, pieces of
metal and junk." A third complaint omitted "used lumber" from the list of objectionable matter. 
Two other complaints described the objectionable matter as "building debris, lumber, building
material and pipes." These offenses were alleged to have occurred on January 15, February 15,
July 25, and December 13, 1991, and on June 12, 1992. The causes were consolidated for trial
before a single jury. After finding appellant guilty in each cause, the jury assessed fines ranging
from $200 to $2000.