TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00260-CR







Bennie Cardenas, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0964138, HONORABLE JON N. WISSER, JUDGE PRESIDING







 A jury found appellant guilty of aggravated assault and retaliation. Tex. Penal Code Ann.
§§ 22.02(a)(2) (West 1994), 36.06(a)(1)(B) (West Supp. 1998). The jury assessed punishment at
imprisonment for twenty years for the former offense and at imprisonment for ten years for the latter. 
Appellant raises a single issue on appeal: "Was trial counsel's performance at the guilt/innocence phase of
the trial so deficient as to amount to ineffective assistance of counsel, as guaranteed by the Sixth
Amendment to the United States Constitution?" See Tex. R. App. P. 38.1(e).

 Appellant filed a motion for new trial that did not allege ineffective assistance of trial
counsel. Seventy-five days after sentence was imposed, the motion for new trial was overruled by
operation of law. See Tex. R. App. P. 21.8(c). (1) One week later, a hearing on the motion was held. It is
apparent from the remarks of the court and counsel that all were aware that the hearing was untimely and
that the motion for new trial had been overruled. Appellant did not object to the court's failure to schedule
a hearing within the time provided by rule. At the hearing, appellant and the State called witnesses to testify
regarding the effectiveness of trial counsel. At the conclusion of the hearing, the court announced its finding
that counsel provided reasonably effective representation and "overruled" the motion for new trial.

 Appellant cannot complain of the district court's failure to grant a new trial following the
hearing because it had no authority to do so. Baker v. State, 956 S.W.2d 19, 25 (Tex. Crim. App.
1997). Because the hearing was held after the motion for new trial was overruled by operation of law, the
testimony adduced at the hearing may not be considered on appeal. Boykin v. State, 516 S.W.2d 946,
947 (Tex. Crim. App. 1975).

 Appellant contends his trial counsel was ineffective because he did not call two available
witnesses and because he did not introduce in evidence certain letters written to appellant by his wife, the
complaining witness. Disregarding the testimony at the untimely motion for new trial hearing, there is no
evidence in the record to support these claims. Even if we were to consider the testimony at the hearing,
appellant's contention that counsel was ineffective would be without merit. Counsel's testimony shows that
his failure to call the witnesses and introduce the letters was the result of considered trial strategy. See Ex
parte Kunkle, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993). Appellant did not overcome the strong
presumption that counsel's conduct fell within the wide range of reasonable professional assistance. See
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); and see Strickland v. Washington,
466 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986).

 The district court prepared separate judgments for each count of the indictment. The
judgments of conviction are affirmed.



 

 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: April 30, 1998

Do Not Publish
1. The current procedural rule is substantively identical to former rule 31(e)(3), then in effect.



Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0964138, HONORABLE JON N. WISSER, JUDGE PRESIDING







 A jury found appellant guilty of aggravated assault and retaliation. Tex. Penal Code Ann.
§§ 22.02(a)(2) (West 1994), 36.06(a)(1)(B) (West Supp. 1998). The jury assessed punishment at
imprisonment for twenty years for the former offense and at imprisonment for ten years for the latter. 
Appellant raises a single issue on appeal: "Was trial counsel's performance at the guilt/innocence phase of
the trial so deficient as to amount to ineffective assistance of counsel, as guaranteed by the Sixth
Amendment to the United States Constitution?" See Tex. R. App. P. 38.1(e).

 Appellant filed a motion for new trial that did not allege ineffective assistance of trial
counsel. Seventy-five days after sentence was imposed, the motion for new trial was overruled by
operation of law. See Tex. R. App. P. 21.8(c). (1) One week later, a hearing on the motion was held. It is
apparent from the remarks of the court and counsel that all were aware that the hearing was untimely and
that the motion for new trial had been overruled. Appellant did not object to the court's failure to schedule
a hearing within the time provided by rule. At the hearing, appellant and the State called witnesses to testify
regarding the effectiveness of trial counsel. At the conclusion of the hearing, the court announced its finding
that counsel provided reasonably effective representation and "overruled" the motion for new trial.

 Appellant cannot complain of the district court's failure to grant a new trial following the
hearing because it had no authority to do so. Baker v. State, 956 S.W.2d 19, 25 (Tex. Crim. App.
1997). Because the hearing was held after the motion for new trial was overruled by operation of law, the
testimony adduced at the hearing may not be considered on appeal. Boykin v. State, 516 S.W.2d 946,
947 (Tex. Crim. App. 1975).

 Appellant contends his trial counsel was ineffective because he did not call two available
witnesses and because he did not introduce in evidence certain letters written to appellant by his wife, the
complaining witness. Disregarding the testimony at the untimely motion for new trial hearing, there is no
evidence in the record to support these claims. Even if we were to consider the testimony at the hearing,
appellant's contention that counsel was ineffective would be without merit. Counsel's testimony shows that
his failure to call the witnesses and introduce the letters was the result of considered trial strategy. See Ex
parte Kunkle, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993). Appellant did not overcome the strong
presumption that counsel's conduct fell within the wide range of reasonable professional assistance. See
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); and