

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0202-19

---

### ALBERTO MONTELONGO, Appellant

### v.

### THE STATE OF TEXAS

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE EIGHTH COURT OF APPEALS
### EL PASO COUNTY

---

WALKER, J., delivered the opinion of the Court, in which KELLER, P.J., and HERVEY, RICHARDSON, YEARY, NEWELL, KEEL, and MCCLURE, JJ., joined. SLAUGHTER, J., dissented.

## O P I N I O N

Appellant, Alberto Montelongo, timely filed and presented a motion for new trial in which he requested a hearing. The trial court initially scheduled a hearing, but it later *sua sponte* cancelled the hearing without rescheduling. No hearing was held, the trial court made no rulings on the motion, and the motion was overruled by operation of law.

We hold that timely filing and presenting a motion for new trial that requests a hearing preserves, for appellate review, the issue of whether the trial court abuses its discretion in failing to

hold such a hearing. The judgment of the court of appeals is reversed, and the cause is remanded to the court of appeals to consider Appellant's first issue.

## I — Background

Appellant was charged with one count of attempted capital murder of Jesus Rodriguez and Angelica Parra,[1] five counts of aggravated assault with a deadly weapon,[2] and one count of continuous family violence against Parra.[3] Appellant was tried on the attempted capital murder count and the continuous family violence count, and the jury found him guilty of both charges.[4] The jury assessed punishment at 99 years on the attempted capital murder charge and 10 years on the continuous family violence charge. The trial court entered the judgment of conviction and imposed the sentence in open court on September 30, 2015.

On October 30, Appellant timely filed a motion for new trial, and the motion requested a hearing. On November 19, the trial court scheduled a hearing on the motion for new trial for December 8. On November 23, the trial court cancelled the hearing. No hearing was held on the motion, and the trial court entered no orders on the motion. On December 14, Appellant's motion for new trial was overruled by operation of law.

On appeal, Appellant raised four issues, the first of which claimed that the trial court abused

---

[1] *See* TEX. PENAL CODE Ann. §§ 15.01(a), 19.03(a)(7).

[2] *See id.* § 22.02(a)(1), (2).

[3] *See id.* § 25.11(a).

[4] Following Appellant's convictions for attempted capital murder and continuous family violence, the trial court granted the State's motion to dismiss the aggravated assault counts.

its discretion in failing to hold the hearing on the motion for new trial.[5] *Montelongo v. State*, No. 08-16-00001-CR, 2018 WL 4178520, at *2 (Tex. App.—El Paso Aug. 31, 2018) (not designated for publication). Acknowledging the fact that the hearing was scheduled was evidence that Appellant presented his motion to the trial court, the court of appeals noted that there was nothing in the record showing that Appellant rescheduled or attempted to reschedule the hearing after it had been cancelled. *Id.* The court of appeals also found that Appellant did not obtain a ruling on his motion for new trial and did not object to a lack of a ruling on his motion. *Id.*, at *3. As a result, the court of appeals determined that Appellant failed to preserve his first issue. *Id.*

We granted Appellant's petition for discretionary review, which asked:

Whether or not the 8th Court of Appeals erred in finding that Appellant waived his right to a hearing on a properly presented and filed motion for new trial?

## II — Preservation of Error

Texas Rule of Appellate Procedure 33.1 requires a timely, specific objection and a ruling by the trial court to preserve a complaint for appellate review. Tex. R. App. P. 33.1(a). To be timely, a complaint must be made as soon as the grounds for complaint is apparent or should be apparent. *Wilson v. State*, 7 S.W.3d 136, 146 (Tex. Crim. App. 1999). To be sufficiently specific, an objection need not employ hyper-technical or formalistic words or phrases. *Golliday v. State*, 560 S.W.3d 664, 670 (Tex. Crim. App. 2018). Instead, "[t]o avoid forfeiting a complaint on appeal, the party must 'let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for

---

[5] Appellant's second and third issues claimed he was denied due process and effective assistance of counsel from the trial court's threats to hold trial counsel in contempt and the trial court's actual holding counsel in contempt at the end of voir dire. Appellant's fourth issue claimed the he was denied a fair trial by an impartial jury due to the trial court's admonishments of the venire panel, which Appellant claimed discouraged the panel from answering voir dire questions truthfully. The court of appeals overruled these three issues.

the judge to understand him at a time when the judge is in a position to do something about it.'" *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). This gives the trial judge and the opposing party the opportunity to correct the error. *Id.* (citing *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005)).

From its review of the record, the court of appeals determined that Appellant failed to reschedule or attempt to reschedule the cancelled hearing and that Appellant did not obtain a ruling from the trial court or object to the lack of a ruling. As a result, the court of appeals concluded Appellant's issue—the trial court's failure to hold a hearing on the motion—was not preserved.

### III — Analysis

Appellant argues that his issue was preserved by his timely filed and presented motion for new trial requesting a hearing, and he contends that the court of appeals erred by requiring him to have objected to the trial court's *sua sponte* cancellation of the hearing. According to Appellant, the cancellation cannot undo his timely filed and presented motion requesting a hearing.

The State "does not dispute" that Appellant timely filed and presented a motion for new trial requesting a hearing.[6] The State urges us to affirm the court of appeals's conclusion that Appellant failed to preserve the issue because he did not object to the *sua sponte* cancellation and did not make an effort to have the hearing rescheduled. The State argues that once the trial court initially set the hearing, the burden fell squarely on Appellant to ensure that the hearing was timely held and concluded.

When must the objection be made to preserve for appeal the issue of a trial court's failure to hold a hearing on a motion for new trial? As discussed above, an objection is timely if made at

---

[6] State's Br. on Appellant's Pet. for Discretionary Review at 7.

the earliest opportunity or as soon as the grounds for the objection become apparent. *Wilson*, 7 S.W.3d at 146. When do the grounds for the objection—that the trial court failed to hold a hearing on the motion for new trial—become apparent? A trial court cannot be said to have "failed" to hold a hearing on a motion for new trial until the time comes that the trial court is no longer able to hold the hearing. This occurs when the motion for new trial has been overruled. *See Colone v. State*, 573 S.W.3d 249, 260 (Tex. Crim. App. 2019) ("By denying the motion for new trial, the judge denied the request for a hearing that was included in the motion."). Until that has happened, the trial court could schedule and hold the hearing and there will be no "failure."

Obviously, a motion for new trial is overruled when the trial court enters an order overruling the motion. However, a motion for new trial can also be overruled by operation of law without any action on the trial court's part. Under Rule 21.8, the trial court must rule on a motion for a new trial within 75 days after imposing or suspending sentence in open court. Tex. R. App. P. 21.8(a). A motion not timely ruled on by written order will be deemed denied when the 75-day period expires. Tex. R. App. P. 21.8(c). When this occurs, that is, "once a motion for new trial is overruled by operation of law, the trial court loses jurisdiction to rule upon it." *State v. Moore*, 225 S.W.3d 556, 566–67 (Tex. Crim. App. 2007) (quoting *State v. Garza*, 931 S.W.2d 560, 562 (Tex. Crim. App. 1996)). A hearing conducted after a motion for a new trial has been overruled by operation of law is not authorized. *Id.* at 562 n.27 (citing *Boykin v. State*, 516 S.W.2d 946, 947 (Tex. Crim. App. 1974)); *Trevino v. State*, 565 S.W.2d 938, 941 (Tex. Crim. App. 1978); *see also Jackson v. State*, 550 S.W.3d 238, 245 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

When the motion is overruled by operation of law, must a defendant object to the failure to hold a hearing at that moment in time for his objection to be timely? We determine that the answer

is "No": a defendant need not object in such a case. As explained above, an objection must tell the trial judge what the party wants at a time when the trial judge is in a position to do something about it. *Pena*, 285 S.W.3d at 464. A trial court's action or, more accurately, its inaction on a motion for new trial is unlike most other trial court actions. When the motion is overruled by operation of law, the grounds for objection become apparent at a time when the trial court is unable to do anything about it. Suppose the defendant objects to the trial court's failure to hold the hearing at the very moment that the motion for new trial is overruled by operation of law. The trial court cannot, upon the defendant's objection, thereafter schedule and hold a hearing on the motion for new trial. The trial court has lost jurisdiction, and any hearing on the motion would be unauthorized. *Moore*, 225 S.W.3d at 566–67, 562 n.27. If the error is the trial court's failure to hold a hearing on a motion for new trial, when that motion is overruled by operation of law, no timely and specific objection to the trial court can be made.

Nor have we required an objection at the time the motion for new trial is overruled, whether by operation of law or by direct order of the trial court, in order to review whether the trial court abused its discretion in failing to hold a hearing. *See, e.g.*, *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993) (considering, on the merits, issue of whether trial court abused its discretion in failing to hold a hearing on a motion for new trial, without discussing whether the defendant objected to the trial court when the motion was overruled by operation of law); and *Colone*, 573 S.W.3d at 258, 259–60; *Gonzales v. State*, 304 S.W.3d 838, 842–44 (Tex. Crim. App. 2010); *King v. State*, 29 S.W.3d 556, 568–69 (Tex. Crim. App. 2009); *Lucero v. State*, 246 S.W.3d 86, 93–95 (Tex. Crim. App. 2008); *Sorto v. State*, 173 S.W.3d 469, 490 (Tex. Crim. App. 2005); *Jordan v. State*, 883 S.W.2d 664, 664 (Tex. Crim. App. 1994). Because the issue arises at a time when the trial court

loses jurisdiction over the case, we hold that a contemporaneous objection is not necessary to preserve the issue of a trial court's failure to hold a hearing on a motion for new trial when the motion is overruled by operation of law. *See Burg v. State*, 592 S.W.3d 444, 449 (Tex. Crim. App. 2020) ("If what looks at first glance to be a forfeitable right or requirement cannot actually be affirmatively insisted upon by a party, or acted upon by a trial court, that right or requirement cannot logically be subject to the general rule."). The issue is preserved by a timely filed and presented motion for new trial that requests a hearing. *See Rozell v. State*, 176 S.W.3d 228, 230–31 (Tex. Crim. App. 2005) (issue of trial court's failure to hold hearing on motion for new trial not preserved where motion for new trial did not request a hearing). Once a defendant has done that, he has told the trial court what he wants at a time when the trial court is in a position to do something about it. *See Pena*, 285 S.W.3d at 464; *see also Rozell*, 176 S.W.3d at 230 ("Presenting the motion, along with a request for a hearing, is required to let the court know that the defendant wants the trial court to act on the motion and whether the defendant would like a hearing on the motion.").

Thus, we return to whether Appellant preserved his issue for appeal. There is no dispute that Appellant timely filed and presented his motion for new trial to the trial court and that the motion requested a hearing. Appellant told the trial court what he wanted at a time that the trial court was able to do something about it. Appellant preserved his issue of whether the trial court abused its discretion in failing to hold a hearing on the motion. We express no opinion as to whether the trial court abused its discretion by not holding a hearing on the motion. We decide that Appellant preserved the matter for appeal, and we remand the cause for the court of appeals to consider Appellant's issue on the merits.

**IV — Conclusion**

In conclusion, by timely filing and presenting a motion for new trial requesting a hearing, which was eventually overruled by operation of law, Appellant preserved the issue of whether the trial court erred in failing to hold the hearing for appeal. The judgment of the court of appeals is reversed. The cause is remanded to the court of appeals to consider Appellant's first issue.

Delivered: May 12, 2021
Publish