Billy Ray **SHAPLEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41348.

Court of Criminal Appeals of Texas.

June 26, 1968.

**4**

Herbert Green, Jr., Dallas (on appeal), for appellant.

Henry Wade, Dist. Atty., Arch Pardue, Tom Reese, Kerry P. FitzGerald and Malcolm Dade, Asst. Dist. Attys., Dallas, Tex., and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for felony theft with two prior felony convictions less than capital alleged for enhancement; the punishment, life.

As grounds of error, the appellant challenges the sufficiency of the evidence for the reason that it is inconclusive, not sufficient to show a taking of the property alleged, and does not prove the offense of theft.

The testimony of the state reveals that Fred Harris, an employee of Texas Tool Traders, with a part of its business located in a large warehouse, went to the warehouse about 1:30 a. m., April 19, 1966, and secreted himself where he could observe the inside of the warehouse; that at 5:45 a. m., he saw the appellant enter the warehouse and go to a box containing copper bus bars, remove several of the bars, bend them, and then throw them through the rear door of the warehouse to the outside of the building;

that at this time the appellant was apprehended by Harris and taken to the office, and the owner, Warren B. Mims, Sr., and the police were notified and soon arrived at the office; and at the time the appellant was apprehended his automobile was parked alongside the curb across the street from the rear door of the warehouse. The testimony further shows that Mims had recently lost some copper bus bars from his warehouse, that appellant was identified during the trial as the person who had sold 137 pounds of copper on April 16, 1966, and 145 pounds on April 18, to a company that bought scrap metal, and that such metal was similar in kind and quantity to that lost by Mims.

Warren B. Mims, Sr., testified that he was the owner of Texas Tool Traders on April 19, 1966, and went to his warehouse about 6 a. m., that day, where he saw Harris, the appellant, and a police officer; that they found seven copper bus bars which had been bent lying outside of the rear door of the warehouse; that he was the owner of the copper bus bars; that they each had a value of thirty dollars, and he did not give anyone his consent to take them; that the appellant had been working for him, but was not supposed to be working at the time he was apprehended at 5:45 a. m.

Proof was introduced of the two prior convictions alleged for enhancement, and the appellant was identified as the same person so convicted.

The appellant did not testify or offer any evidence in his behalf.

█ The evidence is sufficient to show an unlawful "taking" of the seven copper bus bars, and supports the conviction of felony theft as alleged. Senter v. State, Tex.Cr.App., 411 S.W.2d 742. The grounds of error are overruled.

█ Error is urged on the ground that the appellant was not represented by counsel at the time of his prior conviction for burglary on a plea of guilty on June 1,

1957, before the court without a jury in the District Court of Hansford County, Texas, as alleged for enhancement.

No issue was made at the instant trial as to counsel on the Hansford County conviction. The only evidence in the record pertaining to said conviction is the authenticated copies of the indictment, judgment and sentence. The judgment reflects that the appellant appeared in person and by his counsel. No error is presented. Dennison v. State, Tex.Cr.App., 399 S.W.2d 365.

■ It is observed that the indictment charged two primary offenses—one for embezzlement and one for theft. The court submitted only the theft offense to the jury, and the verdict of the jury found appellant guilty as charged. The judgment and sentence recite that the appellant was adjudged to be guilty of embezzlement of over fifty dollars. The judgment and sentence are reformed to show that the conviction was had for the offense of felony theft.

As reformed, the judgment of the trial court is affirmed.