Eolis CHOICE, Appellant,

v.

The STATE of Texas, Appellee.

No. 44999.

Court of Criminal Appeals of Texas.

May 24, 1972.

David F. Farris, Fort Worth (Court appointed on appeal), for appellant.

Doug Crouch, Dist. Atty., Clint D. Starr, Marvin D. Snodgrass, Roger Crampton and Ann Delugach, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is murder without malice; the punishment, four (4) years.

The record reflects that the appellant and the deceased had known each other for a number of years and that they were engaged in a cuss fight in a bar on the night of the homicide. The witnesses for the State gave an account of an unprovoked killing while those for the defendant described a self-defense situation including communicated threats and an overt gesture by the deceased at the moment the fatal shots were fired.

Appellant's sole ground of error is that the court failed to grant his motion for a mistrial after the State elicited the following testimony from the witness Jenkins which appellant contends alluded to an extraneous offense:

"Q All right. How long have you known Joe Choice [the appellant], Robert?

"A Between eight, nine, ten years.

"Q All right. How long have you known Hambone Hamilton [the deceased]?

"A Oh, about seven or eight years.

"Q All right. Have you ever seen Hambone Hamilton with a gun?

"A Yes, I had seen him with one.

"Q Have you ever seen the Defendant, Joe Choice, with a gun on him?

"A Yes, I did.

    "MR. NEAL [appellant's counsel]: Your Honor, we are going to object to this testimony, this witness, now, as to ever having seen this Defendant with

a gun, it is an extraneous offense that has been injected into this case and we object to it.

"THE COURT: Objection sustained.

"MR. NEAL: Now, Your Honor, the objection has been sustained and I would ask the Court to instruct the Jury not to consider this question or the answer for any purpose.

"THE COURT: The Jury will not consider the question or the answer for any purpose.

"MR. NEAL: Now, Your Honor, I ask the Court to declare a mistrial in this case because the extraneous offense has been injected into this case by the Prosecution from the Prosecution's rebuttal witness and it's calculated to inflame the minds of the Jury, has inflamed the mind of the Jury according to the Court of Criminal Appeals because an extraneous offense has been injected into the case."

The motion for a mistrial was denied.

 Appellant testified that he won the pistol with which he shot the deceased in a crap game about a week before the fatal incident, that he seldom carried it, and that he had it with him on the day in question in order to sell it. It would appear that any evidence that he carried a gun at any other time would be admissible to impeach his testimony that the only reason he had the pistol with him on the night in question was to take it to home of a friend in order to sell it.

In Gilliam v. State, 100 Tex.Cr.R. 67, 272 S.W. 154, the "Defendant complain[ed] because the state was permitted over his objection to prove by the witness Sanders that for a period of about 10 days immediately preceding the killing he had seen defendant off of his own premises wearing a shoulder scabbard for a pistol, on the ground that said evidence was admitting the proof of the commission of another of-fense by defendant, to wit, unlawfully carrying a pistol." This Court concluded that:

"The cases cited by defendant holding evidence of other crimes inadmissible we think have no application in a case like this. It is well settled that any competent evidence which tends to defeat the defense urged is admissible, although it may tend to show or does show another offense. * * * Defendant sought to justify himself on the ground of self-defense. The evidence objected to was admissible to show preparation, premeditation and malice."

Further, there was no showing that the witness was referring to a time other than the occasion of the homicide. If he was referring to another occasion, there were no circumstances developed to show an extraneous offense.

The trial court properly denied appellant's motion for mistrial.

The judgment is affirmed.