Rosendo FRANCO, Appellant,

v.

The STATE of Texas, Appellee.

No. 45757.

Court of Criminal Appeals of Texas.

Feb. 14, 1973.

Rehearing Denied April 11, 1973.

A. W. Salyars, Lubbock, for appellant.

E. W. Boedeker, Dist. Atty., Levelland, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is sale of marihuana; the punishment, fifteen (15) years.

Appellant contends the prosecutor improperly cross-examined him concerning extraneous offenses. He specifically complains of the following questions propounded by the prosecutor:

"Q. Isn't it a fact that you already sold him some earlier that day up at Lubbock?

"Q. How many trips have you made to Lubbock and picked up marijuana in the last two or three years?

"Q. Now, then, who smokes it with you?"

■ Initially, we note that appellant did not object to any of the testimony he now contends constituted evidence of extraneous transactions. A timely objection is a requisite to properly preserve a ground for review. Jackson v. State, Tex.Cr.App., 477 S.W.2d 879, and the cases cited therein.

The record reflects appellant and two others, including undercover agent Jim Mull, traveled from Brownfield to Lubbock on the date in question. Mull testified that he purchased "one lid" of marihuana from appellant shortly after returning to Brownfield. Appellant, testifying in his own behalf, admitted traveling to Lubbock and purchasing marihuana, but claimed he did so at Mull's request. He stated that he delivered some of the marihuana to Mull while in Lubbock and furnished another "lid" to a friend, in Mull's presence, after returning to Brownfield. He also stated that Mull lent money to the friend to pay for the marihuana.

■ On cross-examination, appellant admitted selling 23 marihuana cigarettes to Mull on a previous occasion. Agent Mull also testified, without objection, that he purchased the marihuana cigarettes from appellant. Appellant's defensive theory was that he acted as an accommodation agent and that he never sold marihuana. The State was, therefore, justified in rebutting this claim by showing his participation in a prior transaction.

Recently in Choice v. State, Tex.Cr.App., 480 S.W.2d 742, we quoted from Gilliam v. State, 100 Tex.Cr.R. 67, 272 S.W.2d 154, where we concluded, as we do here:

"The cases cited by defendant holding evidence of other crimes inadmissible we think have no application in a case like this. It is well settled that any competent evidence which tends to defeat the defense urged is admissible, although it may tend to show or does show another offense."

Appellant's reliance on Parasco v. State, 168 Tex.Cr.R. 89, 323 S.W.2d 257, is misplaced. In that case we reversed, among other reasons, because the prosecution's questions asserted the existence of a prior conviction which was inadmissible at that stage of the trial.

■ The indictment charged in the first count a sale to Mull and in the second count unlawful possession. The judgment finds appellant guilty of the sale and possession of marihuana. However, the court's charge submitted only the issue of guilty as to a sale and the jury by their verdict were limited to this transaction.

The judgment is reformed to find appellant guilty of the sale of marihuana and as reformed is affirmed.