Thomas JORDAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 54232.

Court of Criminal Appeals of Texas.

June 22, 1977.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

Appellant was convicted in two counts in one indictment for the offenses of burglary of a building with intent to commit theft and theft. Trial was before the court upon a plea of guilty. Punishment was assessed at two years on each count.

■ This was an attempt to prosecute pursuant to V.T.C.A., Penal Code, Sections 3.01 and 3.02, and Article 21.24, V.A.C.C.P., as amended, wherein a single prosecution is allowed for multiple offenses arising out of the same criminal episode. "Criminal episode" is defined in V.T.C.A., Penal Code, Section 3.01, as "the repeated commission of any *one* offense defined in Title 7 of this code (Offenses Against Property)." Such definition precludes burglary and theft from constituting "offenses arising out of the same criminal episode."

A parallel situation existed under the former penal code where two distinct felonies based on different transactions were alleged in the same indictment.

■ The theft count of the two-count indictment is fundamentally defective for failure to allege lack of effective consent of the owner. See *Reynolds v. State*, 547 S.W.2d 590 (Tex.Cr.App.1976). Hence, the only remaining and only valid count is that of burglary of the building. This Court has the power to reform and correct the judgment as the law and the nature of the case may require. When, on appeal, this Court has the same information for the reforming or correcting of the judgment as the trial court would have were the judgment reversed or the appeal dismissed, the judgment will be reformed and corrected on appeal. Article 44.24, V.A.C.C.P.; 1 Branch's Ann.P.C.2d, Section 688, page 661, and cases cited therein.

■ Next is the requirement that in cases of joinder under Sections 3.01 and 3.02, supra, and Article 21.24, supra, separate sentences be pronounced. V.T.C.A., Penal Code, Section 3.03, provides:

"When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which he has been found guilty shall be pronounced. Such sentences shall run concurrently."

The above provision requires separate sentences in joinder cases. In *White v. State*, 543 S.W.2d 130 (Tex.Cr.App.1976), the defendant had been convicted of three counts of aggravated robbery, but the sentence referred only to a single conviction for robbery occurring on a specific date. No mention was made of the other two counts nor the dates on which the robberies were committed. This Court affirmed as to the conviction on the first count and dismissed the appeals as to the second and third counts. In so doing, Presiding Judge Onion, speaking for the majority, said:

"If proper sentences were in fact pronounced in the case regarding the second and third counts, but there was a failure to enter such sentences, they may be entered nunc pro tunc. Art. 42.06, V.A.C.C.P. If, on the other hand, sentences were never properly pronounced, the Court may now pronounce sentences and an appeal may be taken therefrom if appellant so desires."

■ In the instant case the sentence contains recitations as to both convictions, burglary of a building and theft. The sentence should be corrected to read burglary of a building. The situation is analogous to that in *Shapley v. State*, 431 S.W.2d 3 (Tex.Cr.App.1968), where the indictment charged two offenses, embezzlement and theft. The trial court submitted only the theft offense to the jury, the jury found the defendant guilty as charged, and the judgment and sentence recited that the defendant had been adjudged guilty of embezzlement of over fifty dollars. We reformed the judgment and sentence on appeal to show that the defendant's conviction was for felony theft.

In *Clark v. State*, 289 S.W.2d 248 (Tex.Cr. App.1956), where the indictment included both the offense of forgery and of passing a forged instrument, and the defendant pled guilty and was adjudged guilty of both, and a term of seven years in the penitentiary was assessed, we reformed the judgment and sentence to read that he was adjudged guilty of forgery and sentenced to a term of not less than two years nor more than seven years. Likewise, in *Cunningham v. State*, 484 S.W.2d 906 (Tex.Cr.App.1972), where the jury had found the defendant guilty of the offense of concealing stolen property but the judgment and sentence recited that he had been convicted of receiving and concealing stolen property, we reformed the judgment and sentence to accord with the jury's verdict.

Then in *Franco v. State*, 491 S.W.2d 876 (Tex.Cr.App.1973), where the indictment charged defendant in two counts with unlawful sale of marihuana and unlawful possession of marihuana but the court's charge submitted only the issue as to sale, we reformed the judgment finding the defendant guilty of sale and possession to guilty only of sale. See also Article 44.24, V.A.C. C.P., and the cases collated under notes 24, 65, 70 and 74.

No reversible error is shown. The judgment and sentence are reformed to reflect the conviction only for burglary of a building with intent to commit theft.

As reformed, the conviction is affirmed.

ODOM, Judge, dissenting.

I dissent to this Court's exercise of jurisdiction in this appeal because in the absence of a proper sentence we are without power to hear the case on its merits.

Although Article 44.24(b), V.A.C.C.P., authorizes this Court to reform and correct the *judgment*, the sentence and judgment are not the same thing, but are distinct and independent. Arts. 42.01 and 42.02, V.A.C. C.P.; *Morgan v. State*, Tex.Cr.App., 515 S.W.2d 278; *Scott v. State*, Tex.Cr.App., 461 S.W.2d 619. Pronouncement of sentence is jurisdictional for an appeal to this Court, and a purported sentence which does not meet all the elements of the statutory definition is no sentence at all. *Casias v. State*, Tex.Cr.App., 503 S.W.2d 262. The defective sentence constitutes a jurisdictional barrier preventing our consideration of the case on its merits. This barrier to the exercise of our appellate jurisdiction dictates that this appeal be dismissed. The other defects sought to be "corrected" by the majority may be corrected by the trial court upon its resumption of jurisdiction over this case following our dismissal. For this Court to consider the merits, when we have no jurisdiction to do so, is usurpation. *Stuart v. Anderson*, 70 Tex. 588, 8 S.W. 295 (1888).

Because the sentence in the case at bar recites conviction for two distinct offenses, it is void on its face for uncertainty, and is therefore insufficient to support jurisdiction in this Court. The majority cite four cases as authority for reforming the sentence instead of dismissing the appeal: *Clark v. State*, Tex.Cr.App., 289 S.W.2d 248; *Shapley v. State*, Tex.Cr.App., 431 S.W.2d 3; *Cunningham v. State*, Tex.Cr.App., 484 S.W.2d 906; and *Franco v. State*, Tex.Cr. App., 491 S.W.2d 876. *Franco* is not in point: The opinion in *Franco* recites that the judgment was reformed; no reformation of the sentence was ordered. Art. 44.- 24(b) authorizes reformation of a judgment, but not of a sentence. *Shapley* also is not in point: The sentence in *Shapley* recited conviction for embezzlement, and therefore was not void on its face for uncertainty, and did support the exercise of appellate jurisdiction. Only upon consideration of the merits was it revealed that the judgment and sentence erroneously recited embezzlement instead of theft. Thus, *Shapley* does not support exercise of our appellate jurisdiction in the instant case.

Although *Cunningham* and *Clark*, both supra, appear to have been decided on sentences suffering a defect like the one before us now, in neither case was the jurisdictional issue addressed, nor was any authority cited for the power to reform a sentence. Thus, they are not authority on the jurisdictional issue.

The exercise of this Court's appellate jurisdiction is not a matter of discretion.[1] Just as we may not decline to hear an appeal when jurisdiction is properly invoked, we likewise may not hear an appeal when jurisdiction is lacking. See my concurring opinion in *Means v. State*, Tex.Cr.App., 552 S.W.2d 166 (1977).

The majority today, as in *Ex parte Shields*, Tex.Cr.App., 550 S.W.2d 670 (1977) (opinions on rehearing) refuse to address the fundamental jurisdictional issue presented. These jurisdictional matters define the limits of this Court's power. The issue is not a matter of insignificant technicalities, but of the practical limits of this Court's power. The people of Texas and the bench and bar are entitled to a ruling on the limits of that power. It is the duty of this Court, when the issue arises, as in the instant case and others recently before us,[2] to address this fundamental issue. The refusal of this Court to account for the source of its power is repugnant to the basic principles of a government answerable to the people. The majority not only fail to show authority for taking jurisdiction of this case, but refuse to even address the issue.[3]

I dissent to the exercise of jurisdiction in this case. However, in view of the majority's position, I will no longer urge consideration of the issue. We are all bound by the decisions of the Court. See, e. g., *Childs v. State*, Tex.Cr.App., 547 S.W.2d 613, 615, n. 2; *Banks v. State*, Tex.Cr.App., 530 S.W.2d 940, 942, n. 1.

PHILLIPS, J., joins this dissent.

1. Contrast our discretionary jurisdiction in original habeas corpus matters, as discussed in *Ex parte Norvell*, Tex.Cr.App., 528 S.W.2d 129, 130.

2. See, e. g., *Ex parte Dickey*, Tex.Cr.App., 543 S.W.2d 99; *Hurd v. State*, Tex.Cr.App., 548 S.W.2d 388; *Ex parte Shields*, supra; *Means v. State*, supra; *Ex parte Guzman*, Tex.Cr.App., 551 S.W.2d 387 (No. 54253, 1977).

3. In contrast to today's expansion of appellate jurisdiction in the face of no statutory or constitutional authority, see *Ex parte Guzman*, Tex.Cr.App., 551 S.W.2d 387 (No. 54253, 1977), in which the dissent urged restriction of habeas corpus jurisdiction in the face of statutory authority and constitutional protection for the availability of the writ.