COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-145-CR

 

 

DWARL DEWONE OWENS                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








On November 22, 2002, the
trial court placed Appellant on six years= deferred adjudication community supervision for violation of a
protective order with two or more prior convictions.  The State subsequently filed a petition to
proceed to adjudication asserting that Appellant violated the conditions of his
community supervision.  After a hearing,
the trial court adjudged Appellant guilty of violating a protective order with
two or more prior offenses and sentenced him to six years= confinement.

In two points, Appellant
asserts that the trial court erred in sentencing him for an offense that was
not charged in the indictment and in hearing the petition to proceed to
adjudication when the petition had not been filed within ten days of the
adjudication hearing.  We modify the
trial court=s judgment
and affirm it as modified. 

SENTENCING ERROR 

In his first point, Appellant
asserts that the trial court erred in sentencing him for an offense that was
not charged in the indictment; Appellant requests this court reverse the
judgment of conviction and dismiss the cause, or alternatively, remand for a
new trial.  Exhibiting a high degree
of  professionalism, the State concedes
that the judgment is erroneous; however, the State contends that reversal is
not appropriate because this court may modify the judgment and affirm it as
modified.








A person commits an offense
if, in violation of an order issued under various sections of the family code
or code of criminal procedure, the person knowingly or intentionally commits
family violence.  See Tex. Penal Code Ann. ' 25.07(a)(1) (Vernon Supp. 2005).  This offense is a Class A misdemeanor.  Id. ' 25.07(g).  The conduct can be
elevated to a third degree felony if the offender has previously been convicted
under article 25.07(g) two or more times OR has violated the protective order
by committing an assault.  Id.     

In the instant case, the
indictment alleged that, in violation of a protective order, Appellant
committed an act of family violence by striking a family member and that this
conduct was intended to result in physical harm, bodily injury, or
assault.  This accurately alleged a third
degree felony under article 27.07(g). 
The indictment also contained an enhancement allegation reciting that
Appellant had previously been convicted of the felony offense of aggravated
assault on a jailer.  Proof of this
enhancement allegation would elevate the charge against Appellant to a second
degree felony.  See id. ' 12.42(a)(3) (Vernon Supp. 2005).[1]    








The Written Plea
Admonishments signed by the trial judge, Appellant, and his attorney recite
that Appellant is charged Awith the felony offense of VIOLATION PROTECTIVE ORDER.@  Without more, this offense
would be a Class A misdemeanor.  See
id. '
25.07(g).  The Written Plea Admonishments
do not indicate that the charge of violation of a protective order also
contains a charge that the offense was done by committing assault, as alleged
in the indictment, making the offense a third degree felony.  See id. 
However, the range of punishment stated is that of a third degree
felony.[2]  Appellant and his attorney signed the Written
Plea Admonishments in which Appellant entered his plea of guilty Ato the (allegations contained in the INDICTMENT/INFORMATION against
me-Violation Protective Order).@  The written document also
reflects that Appellant Ain open
Court, plead true to all allegations contained in all enhancement counts and
paragraphs,@ and the
signed Judicial Confession recites that Appellant swears he has Aread the indictment or information filed in this case and that I
committed each and every allegation it contains.  I am guilty of the offense alleged. . . .@

The record before this court
does not reflect whether the State agreed to waive the enhancement allegation.[3]  As recited earlier, if the State proved the
primary allegation in the indictment, plus the enhancement paragraph, Appellant
could have received punishment for a second degree felony.   








The judgment placing
Appellant on deferred adjudication community supervision for six years recites
that the offense charged is AVIOLATION OF A PROTECTIVE ORDER WITH TWO OR MORE PRIOR CONVICTIONS,@ and is a third degree felony to which Appellant pled guilty.  The judgment states ANONE@ after APlea to Enhancement Paragraph(s).@              

The April 7, 2005 Judgment
Adjudicating Guilt again recites that Appellant is convicted of AVIOLATION OF A PROTECTIVE ORDER WITH TWO OR MORE PRIOR CONVICTIONS,@ and is a third degree felony. 
This judgment again states ANONE@ after APlea to Enhancement Paragraph(s).@  Punishment is assessed at six
years= confinement.

Appellant=s first point asserts the trial court=s final judgment is at variance with the indictment and the judgment
should be reversed and the cause either 
dismissed or remanded for a new trial. 
The State counters that this court should modify the judgment to reflect
that the offense charged and proven is violation of a protective order by
committing an assault, rather than violation of a protective order by a person
with two or more prior convictions.

1.  Cognizability Of Appellant=s Complaint

We must initially determine
whether Appellant=s complaint
may be raised at this stage of the proceedings. 
Appellant=s argument
under this point appears to be challenging both the judgment placing him on
deferred adjudication community supervision and the final judgment adjudicating
guilt and sentencing him. 








Generally, a defendant who is
placed on deferred adjudication community supervision may raise issues relating
to the original plea proceeding only in an appeal taken when deferred
adjudication community supervision is first imposed.  Manuel v. State, 994 S.W.2d 658, 661‑62
(Tex. Crim. App. 1999).  Such issues may
not be raised in an appeal from an order revoking community supervision and
adjudicating guilt.  Id.  There are two exceptions to the general rule
stated in Manuel:  the Avoid judgment@ exception
and the Ahabeas corpus@
exception.  See Nix v. State, 65
S.W.3d 664, 667 (Tex. Crim. App. 2001); Jordan v. State, 54 S.W.3d 783,
785 (Tex. Crim. App. 2001).

The void judgment exception
applies in Arare
situations,@ usually due
to a lack of jurisdiction in the trial court.  Nix, 65 S.W.3d at 667.  A judgment of conviction is void when:  1) the charging instrument does not satisfy
the constitutional requisites of a charging instrument; 2) the trial court
lacks  subject matter jurisdiction over
the offense charged; 3) the record reflects there was no evidence to support
the conviction; or 4) counsel was not appointed for an indigent defendant who
has not waived the right to counsel.  Id.
at 668.  The court of criminal appeals
has stated, AWhile we
hesitate to call this an exclusive list, it is very nearly so.@  Id.  Appellant=s complaint on appeal does not fall within the void judgment exception
stated in Nix. 








Like the void judgment
exception, the habeas corpus exception has been narrowly drawn.  Pursuant to this exception, an appellate
court must consider the merits of issues that were raised in a petition for
writ of habeas corpus before community supervision was revoked if the issues
are cognizable by a writ of habeas corpus and if the defendant attempted to
litigate the issues at the revocation hearing. 
Nix, 65 S.W.3d at 669‑70; Jordan, 54 S.W.3d at
786.  To invoke the habeas corpus
exception on appeal, the defendant must show: 
1) the claim is cognizable on a writ of habeas corpus; and 2) the
defendant attempted to litigate the claim at the revocation proceeding.  Nix, 65 S.W.3d at 670.  The habeas corpus exception is not applicable
to the present case because Appellant never attempted to litigate his claim at
the revocation proceeding.








We conclude that Appellant=s complaint challenging the judgment that placed him on deferred
adjudication community supervision is not cognizable on appeal because
Appellant was required to raise the issue in a timely appeal from the trial
court=s order placing him on deferred adjudication community
supervision.  See Manuel, 994
S.W.2d at 661‑62.  An appeal on
this ground should have been commenced within thirty days of the trial court=s judgment deferring Appellant=s guilt and placing him on community supervision.  See Tex.
R. App. P. 26.2(a)(1).  No notice
of appeal was filed from that judgment.[4]  However, Appellant may appeal from an alleged
error in sentencing following the adjudication of guilt.  See Tex.
Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2005) (AAfter an adjudication of guilt, all proceedings, including assessment
of punishment, pronouncement of sentence, . . . continue as if the adjudication
of guilt had not been deferred.@).  

                 2. 
Sentencing Error Following Adjudication Of Guilt   

Appellant contends the trial
court lacked the authority to sentence him for any offense other than the
offense with which he was charged by indictment.  Specifically, Appellant complains that he was
indicted for one offense (violation of a protective order by committing an
assault) but sentenced for a separate offense (violation of a protective order
by a person with two or more prior convictions). 








The State candidly agrees
that the final judgment is erroneous and requests we modify the judgment to
track the offense alleged in the indictment, 
to which Appellant pled guilty. 
Rule 43.2 of the rules of appellate procedure provides that a court of
appeals may modify the trial court=s judgment and affirm it as modified. 
Tex. R. App. P.
43.2(b).  When an appellate court has the
necessary data and evidence before it for modification, the judgment and
sentence may be modified on appeal.[5]  Banks v. State, 708 S.W.2d 460, 462
(Tex. Crim. App. 1986); see Barecky v. State, 639 S.W.2d 943, 945
(Tex. Crim. App. [Panel Op.] 1982) (holding that when appellate court has the
same information for modifying the judgment as the trial court would have were
the judgment reversed or the appeal dismissed, the judgment will be modified on
appeal); Jordan v. State, 552 S.W.2d 478, 479 (Tex. Crim. App.
1977) (same).  Nelson v. State,
149 S.W.3d 206, 213 (Tex. App.CFort Worth 2004, no pet.) (holding that an appellate court may modify
a trial court judgment to make the judgment congruent with the record). 

Accordingly, we sustain
Appellant=s first
point as it pertains to the final judgment, and modify the trial court=s final judgment and sentence to reflect that Appellant was convicted
of and sentenced to confinement for the offense of violation of a protective
order by committing an assault. 

           DENIAL OF STATUTORY RIGHT OF TEN DAYS TO PREPARE








Appellant contends that his
appointed counsel was not given a full ten days to prepare for the adjudication
hearing, as required by code of criminal procedure 1.051(e), because the State=s amended petition to proceed to adjudication was filed on March 31,
2005 and the hearing was held on April 7, 2005. 
See Tex. Code Crim. Proc.
Ann. art. 1.051(e) (Vernon Supp. 2005). 
The State asserts this court lacks jurisdiction over Appellant=s contention because the decision to proceed to adjudication is not
subject to appeal under code of criminal procedure article 42.12, section 5(b).
 See id. art. 42.12, ' 5(b).

1.  Cognizability Of Appellant=s Complaint








This court has recognized a
limited exception to the statutory prohibition of appeals from the trial court=s decision to proceed to adjudication. 
In McGee v. State, we held that a complaint regarding a denial of
the appellant=s motion for
continuance of the adjudication and sentencing hearing was an issue that was
unrelated to the trial court=s decision to adjudicate guilt; therefore, the appeal of that issue
did not run afoul of article 42.12, section 5(b)=s prohibition against appeals from the trial court=s determination to adjudicate guilt. 
124 S.W.3d 253, 256 (Tex. App.CFort Worth 2003, pet. ref=d).[6]  Likewise, the issue of whether Appellant=s counsel had a full ten days to prepare for the adjudication hearing
arose prior to and was unrelated to the determination to adjudicate Appellant=s guilt on the original charge. Accordingly, we have jurisdiction to
consider Appellant=s complaint.

2.  Preservation Of Error 

Prior to or during the
hearing on the State=s amended
petition to proceed to adjudication, Appellant did not complain that his
counsel had not been given ten days to prepare following the filing of the
amended petition.  The first time
Appellant notified the trial court of his complaint was in his motion for new
trial.  However, the right for appointed
counsel to receive ten days= notice to prepare for trial is a Awaivable only@ right and
the mere failure to object at trial does not preclude an appellant from
complaining on appeal of the denial of this right.  See Marin v. State, 851 S.W.2d 275,
280 (Tex. Crim. App. 1993) (holding that article 1.051(e) Aclearly does not contemplate a forfeiture of the statutory right from
a mere failure to object at trial@), overruled on other grounds, Cain v. State, 947 S.W.2d
262, 264 (Tex. Crim. App. 1997) (holding that except for certain federal
constitutional errors labeled by the United States Supreme Court as
"structural," no error is categorically immune to a harmless error
analysis).  

 

 








                                  3.  Error and Harm Analysis

On December 23, 2004, the
State filed its initial petition to proceed to adjudication.  On January 19, 2005, the trial court
appointed an attorney to represent Appellant, and on March 9, 2005, the trial
court appointed another attorney to represent Appellant.  On March 31, 2005, the State filed its first
amended petition to proceed to adjudication correcting two clerical errors that
were in the State=s initial
petition to proceed to adjudication. 
Specifically, the State changed the ADate of Probation@ from ASix (6)
YearsA to ANovember 22,
2002A and the ALength of
Supervision@ from ANovember 22, 2002@ to ASix (6)
Years.@

At the April 7, 2005 hearing
on the State=s first
amended petition to proceed to adjudication, Appellant=s counsel specifically told the court that he was ready to
proceed.  At that time, Appellant
personally acknowledged he had been given a chance to go over the State=s first amended petition to proceed to adjudication, he had reviewed
it with his attorney, and he understood the nature of the charges pending
against him.  Neither Appellant nor his
counsel objected to proceeding on the State=s first amended petition.








Even assuming arguendo that
the trial court erred in proceeding on the amended petition without providing
Appellant ten days to prepare, we hold such alleged error was harmless.  See Tex.
R. App. P. 44.2(b).  The amended
petition did not contain any new factual allegations; it merely corrected two
typographical errors and made no substantive changes.  Appellant=s counsel actively participated in the hearing, and Appellant
testified on his own behalf. The record reflects that neither Appellant nor his
counsel were surprised or confused by the amended petition, as noted by the
fact that both individuals informed the court that they were ready to proceed
and voiced no objection or in any way indicated they were not ready to proceed
on the State=s first
amended petition.  We overrule Appellant=s second point.

CONCLUSION

We modify the trial court=s April 7, 2005 Judgment Adjudicating Guilt to reflect that Appellant
is convicted of the offense of violation of a protective order by committing an
assault.  See Tex. R. App. P. 43.2(b).  As modified, we affirm the judgment of the
trial court.

 

DIXON W. HOLMAN

JUSTICE

 

 

PANEL
B:  LIVINGSTON, DAUPHINOT, and HOLMAN,
JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  June 29, 2006

 











[1]The
range of punishment for a second degree felony is imprisonment for a term of
not more than 20 years or less than 2 years, and a fine not to exceed
$10,000.  Id. '
12.33 (Vernon 2003).





[2]The
range of punishment for a third degree felony is imprisonment for a term of not
more than 10 years or less than 2 years, and a fine not to exceed $10,000.  Id. '
12.34.





[3]We do
not have a reporter=s
record from the hearing that resulted in Appellant being placed on deferred
adjudication community supervision.





[4]We
note that Appellant has been represented by counsel at all stages of these
proceedings.





[5]The
penalty range for both offenses is the same, that of a third degree felony.  See Tex.
Penal Code Ann. '
25.07(g).





[6]See
also Lancaster v. State, No. 02-04-187-CR, 2005 WL 247992, at *1-2
(Tex. App.CFort
Worth Feb. 3, 2005, no pet.)(not designated for publication) (holding Appellant
is not precluded by article 42.12, section 5(b) from challenging alleged
failure of trial court to find a violation of a condition of community
supervision prior to determining whether to proceed with adjudication of
guilt).