OWENS v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-145-CR

DWARL DEWONE OWENS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

On November 22, 2002, the trial court placed Appellant on six years’ deferred adjudication community supervision for violation of a protective order with two or more prior convictions.  The State subsequently filed a petition to proceed to adjudication asserting that Appellant violated the conditions of his community supervision.  After a hearing, the trial court adjudged Appellant guilty of violating a protective order with two or more prior offenses and sentenced him to six years’ confinement.

In two points, Appellant asserts that the trial court erred in sentencing him for an offense that was not charged in the indictment and in hearing the petition to proceed to adjudication when the petition had not been filed within ten days of the adjudication hearing.  We modify the trial court’s judgment and affirm it as modified. 

SENTENCING ERROR 

In his first point, Appellant asserts that the trial court erred in sentencing him for an offense that was not charged in the indictment; Appellant requests this court reverse the judgment of conviction and dismiss the cause, or alternatively, remand for a new trial.  Exhibiting a high degree of  professionalism, the State concedes that the judgment is erroneous; however, the State contends that reversal is not appropriate because this court may modify the judgment and affirm it as modified.

A person commits an offense if, in violation of an order issued under various sections of the family code or code of criminal procedure, the person knowingly or intentionally commits family violence.  
See
 
Tex. Penal Code Ann. § 
25.07(a)(1) (Vernon Supp. 2005).  This offense is a Class A misdemeanor.  
Id.
 § 25.07(g).  The conduct can be elevated to a third degree felony if the offender has previously been convicted under article 25.07(g) two or more times OR has violated the protective order by committing an assault.  
Id.
     

In the instant case, the indictment alleged that, in violation of a protective order, Appellant committed an act of family violence by striking a family member and that this conduct was intended to result in physical harm, bodily injury, or assault.  This accurately alleged a third degree felony under article 27.07(g).  The indictment also contained an enhancement allegation reciting that Appellant had previously been convicted of the felony offense of aggravated assault on a jailer.  Proof of this enhancement allegation would elevate the charge against Appellant to a second degree felony.  
See
 
id. 
§ 12.42(a)(3) (Vernon Supp. 2005).
(footnote: 1)    

The Written Plea Admonishments signed by the trial judge, Appellant, and his attorney recite that Appellant is charged “with the felony offense of VIOLATION PROTECTIVE ORDER.”  Without more, this offense would be a Class A misdemeanor.  
See
 
id.
 § 25.07(g).  The Written Plea Admonishments do not indicate that the charge of violation of a protective order also contains a charge that the offense was done by committing assault, as alleged in the indictment, making the offense a third degree felony.  
See id.  
However, the range of punishment stated is that of a third degree felony.
(footnote: 2)  Appellant and his attorney signed the Written Plea Admonishments in which Appellant entered his plea of guilty “to the (allegations contained in the INDICTMENT/INFORMATION against me-Violation Protective Order).”  The written document also reflects that Appellant “in open Court, plead true to all allegations contained in all enhancement counts and paragraphs,” and the signed Judicial Confession recites that Appellant swears he has “read the indictment or information filed in this case and that I committed each and every allegation it contains.  I am guilty of the offense alleged. . . .”

The record before this court does not reflect whether the State agreed to waive the enhancement allegation.
(footnote: 3)  As recited earlier, if the State proved the primary allegation in the indictment, plus the enhancement paragraph, Appellant could have received punishment for a second degree felony.   

The judgment placing Appellant on deferred adjudication community supervision for six years recites that the offense charged is “VIOLATION OF A PROTECTIVE ORDER WITH TWO OR MORE PRIOR CONVICTIONS,” and is a third degree felony to which Appellant pled guilty.  The judgment states “NONE” after “Plea to Enhancement Paragraph(s).”              

The April 7, 2005 Judgment Adjudicating Guilt again recites that Appellant is convicted of “VIOLATION OF A PROTECTIVE ORDER WITH TWO OR MORE PRIOR CONVICTIONS,” and is a third degree felony.  This judgment again states “NONE” after “Plea to Enhancement Paragraph(s).”  Punishment is assessed at six years’ confinement.

Appellant’s first point asserts the trial court’s final judgment is at variance with the indictment and the judgment should be reversed and the cause either  dismissed or remanded for a new trial.  The State counters that this court should modify the judgment to reflect that the offense charged and proven is violation of a protective order by committing an assault, rather than violation of a protective order by a person with two or more prior convictions.

1.  Cognizability Of Appellant’s Complaint

We must initially determine whether Appellant’s complaint may be raised at this stage of the proceedings.  Appellant’s argument under this point appears to be challenging both the judgment placing him on deferred adjudication community supervision and the final judgment adjudicating guilt and sentencing him. 

Generally, a defendant who is placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in an appeal taken when deferred adjudication community supervision is first imposed.  
Manuel v. State
, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).  Such issues may not be raised in an appeal from an order revoking community supervision and adjudicating guilt. 
 Id.
  There are two exceptions to the general rule stated in 
Manuel
:  the “void judgment” exception and the “habeas corpus” exception.  
See Nix v. State
, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001); 
Jordan v. State
, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001).

The void judgment exception applies in “rare situations,” usually due to a lack of jurisdiction in the trial court. 
 Nix
, 65 S.W.3d at 667.  A judgment of conviction is void when:  1) the charging instrument does not satisfy the constitutional requisites of a charging instrument; 2) the trial court lacks  subject matter jurisdiction over the offense charged; 3) the record reflects there was no evidence to support the conviction; or 4) counsel was not appointed for an indigent defendant who has not waived the right to counsel.  
Id.
 at 668.  The court of criminal appeals has stated, “While we hesitate to call this an exclusive list, it is very nearly so.”  
Id.
  Appellant’s complaint on appeal does not fall within the void judgment exception stated in 
Nix
. 

Like the void judgment exception, the habeas corpus exception has been narrowly drawn.  Pursuant to this exception, an appellate court must consider the merits of issues that were raised in a petition for writ of habeas corpus before community supervision was revoked if the issues are cognizable by a writ of habeas corpus and if the defendant attempted to litigate the issues at the revocation hearing.  
Nix
, 65 S.W.3d at 669-70; 
Jordan
, 54 S.W.3d at 786.  To invoke the habeas corpus exception on appeal, the defendant must show:  1) the claim is cognizable on a writ of habeas corpus; and 2) the defendant attempted to litigate the claim at the revocation proceeding.  
Nix
, 65 S.W.3d at 670.  The habeas corpus exception is not applicable to the present case because Appellant never attempted to litigate his claim at the revocation proceeding.

We conclude that 
Appellant’s complaint challenging the judgment that placed him on deferred adjudication community supervision is not cognizable on appeal because Appellant was required to raise the issue in a timely appeal from the trial court’s order placing him on deferred adjudication community supervision.  
See Manuel,
 994 S.W.2d at 661-62.  An appeal on this ground should have been commenced within thirty days of the trial court’s judgment deferring Appellant’s guilt and placing him on community supervision.  
See
 
Tex. R. App. P.
 26.2(a)(1)
.  No notice of appeal was filed from that judgment.
(footnote: 4)  However, Appellant may appeal from an alleged error in sentencing following the adjudication of guilt.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2005) (“After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, . . . continue as if the adjudication of guilt had not been deferred.”).  

2.  Sentencing Error Following Adjudication Of Guilt
   

Appellant contends the trial court lacked the authority to sentence him for any offense other than the offense with which he was charged by indictment.  Specifically, Appellant complains that he was indicted for one offense (violation of a protective order by committing an assault) but sentenced for a separate offense (violation of a protective order by a person with two or more prior convictions). 

The State candidly agrees that the final judgment is erroneous and requests we modify the judgment to track the offense alleged in the indictment,  to which Appellant pled guilty.  Rule 43.2 of the rules of appellate procedure provides that a court of appeals may modify the trial court’s judgment and affirm it as modified.  
Tex. R. App. P.
 43.2(b).  When an appellate court has the necessary data and evidence before it for modification, the judgment and sentence may be modified on appeal.
(footnote: 5)  
Banks v. State
, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986); 
see
 
Barecky v. State
, 639 S.W.2d 943, 945 (Tex. Crim. App. [Panel Op.] 1982) (holding that when appellate court has the same information for modifying the judgment as the trial court would have were the judgment reversed or the appeal dismissed, the judgment will be modified on appeal);
 Jordan v. State, 
552 S.W.2d 478
, 
479 (Tex. Crim. App. 1977) (same).  
Nelson v. State
, 149 S.W.3d 206, 213 (Tex. App.—Fort Worth 2004, no pet.) (holding that an appellate court may modify a trial court judgment to make the judgment congruent with the record). 

Accordingly, we sustain Appellant’s first point as it pertains to the final judgment, and modify the trial court’s final judgment and sentence to reflect that Appellant was convicted of and sentenced to confinement for the offense of violation of a protective order by committing an assault. 

DENIAL OF STATUTORY RIGHT OF TEN DAYS TO PREPARE

Appellant contends that his appointed counsel was not given a full ten days to prepare for the adjudication hearing, as required by code of criminal procedure 1.051(e), because the State’s amended petition to proceed to adjudication was filed on March 31, 2005 and the hearing was held on April 7, 2005.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 1.051(e) (Vernon Supp. 2005).  The State asserts this court lacks jurisdiction over Appellant’s contention because the decision to proceed to adjudication is not subject to appeal under code of criminal procedure article 42.12, section 5(b).
 
 
See id. 
art. 42.12, § 5(b).

1.  Cognizability Of Appellant’s Complaint

This court has recognized a limited exception to the statutory prohibition of appeals from the trial court’s decision to proceed to adjudication.  In 
McGee v. State
, we held that a complaint regarding a denial of the appellant’s motion for continuance of the adjudication and sentencing hearing was an issue that was unrelated to the trial court’s decision to adjudicate guilt; therefore, the appeal of that issue did not run afoul of article 42.12, section 5(b)’s prohibition against appeals from the trial court’s determination to adjudicate guilt.  124 S.W.3d 253, 256 (Tex. App.—Fort Worth 2003, pet. ref’d).
(footnote: 6)  Likewise, the issue of whether Appellant’s counsel had a full ten days to prepare for the adjudication hearing arose prior to and was unrelated to the determination to adjudicate Appellant’s guilt on the original charge. Accordingly, we have jurisdiction to consider Appellant’s complaint.

2.  Preservation Of Error 

Prior to or during the hearing on the State’s amended petition to proceed to adjudication, Appellant did not complain that his counsel had not been given ten days to prepare following the filing of the amended petition.  The first time Appellant notified the trial court of his complaint was in his motion for new trial.  However, the right for appointed counsel to receive ten days’ notice to prepare for trial is a “waivable only” right and the mere failure to object at trial does not preclude an appellant from complaining on appeal of the denial of this right.  
See Marin v. State
, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993) (holding that article 1.051(e) “clearly does not contemplate a forfeiture of the statutory right from a mere failure to object at trial”), 
overruled on other grounds
, 
Cain v. State
, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997) (holding that except for certain federal constitutional errors labeled by the United States Supreme Court as "structural," no error is categorically immune to a harmless error analysis).  

3.  Error and Harm Analysis

On December 23, 2004, the State filed its initial petition to proceed to adjudication.  On January 19, 2005, the trial court appointed an attorney to represent Appellant, and on March 9, 2005, the trial court appointed another attorney to represent Appellant.  On March 31, 2005, the State filed its first amended petition to proceed to adjudication correcting two clerical errors that were in the State’s initial petition to proceed to adjudication.  Specifically, the State changed the “Date of Probation” from “Six (6) Years“ to “November 22, 2002“ and the “Length of Supervision” from “November 22, 2002” to “Six (6) Years.”

At the April 7, 2005 hearing on the State’s first amended petition to proceed to adjudication, Appellant’s counsel specifically told the court that he was ready to proceed.  At that time, Appellant personally acknowledged he had been given a chance to go over the State’s first amended petition to proceed to adjudication, he had reviewed it with his attorney, and he understood the nature of the charges pending against him.  Neither Appellant nor his counsel objected to proceeding on the State’s first amended petition.

Even assuming arguendo that the trial court erred in proceeding on the amended petition without providing Appellant ten days to prepare, we hold such alleged error was harmless.  
See
 
Tex. R. App. P.
 44.2(b).  The amended petition did not contain any new factual allegations; it merely corrected two typographical errors and made no substantive changes.  Appellant’s counsel actively participated in the hearing, and Appellant testified on his own behalf. The record reflects that neither Appellant nor his counsel were surprised or confused by the amended petition, as noted by the fact that both individuals informed the court that they were ready to proceed and voiced no objection or in any way indicated they were not ready to proceed on the State’s first amended petition.  We overrule Appellant’s second point.

CONCLUSION

We modify the trial court’s April 7, 2005 Judgment Adjudicating Guilt to reflect that Appellant is convicted of the offense of violation of a protective order by committing an assault.  
See
 
Tex. R. App. P.
 43.2(b).  As modified, we affirm the judgment of the trial court.

DIXON W. HOLMAN

JUSTICE

PANEL B:  LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 29, 2006

FOOTNOTES
1:
The range of punishment for a second degree felony is imprisonment for a term of not more than 20 years or less than 2 years, and a fine not to exceed $10,000.  
Id.
 § 12.33 (Vernon 2003).

2:
The range of punishment for a third degree felony is imprisonment for a term of not more than 10 years or less than 2 years, and a fine not to exceed $10,000.  
Id.
 
§ 12.34.

3:
We do not have a reporter’s record from the hearing that resulted in Appellant being placed on deferred adjudication community supervision.

4:
We note that Appellant has been represented by counsel at all stages of these proceedings.

5:
The penalty range for both offenses is the same, that of a third degree felony.  
See
 
Tex. Penal Code Ann.
 § 25.07(g).

6:
See also
 
Lancaster v. State
, No. 02-04-187-CR, 2005 WL 247992, at *1-2 (Tex. App.—Fort Worth Feb. 3, 2005, no pet.)(not designated for publication) (holding Appellant is not precluded by article 42.12, section 5(b) from challenging alleged failure of trial court to find a violation of a condition of community supervision prior to determining whether to proceed with adjudication of guilt).