NUMBER 13-05-452-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


EMANUEL ANTUÑEZ, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 105th District Court of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Vela 


Memorandum Opinion by Chief Justice Valdez



 Appellant Emanuel Antunez appeals revocation of his community supervision. On
April 27, 2004, a jury found appellant guilty of deadly conduct. See Tex. Pen. Code Ann.
§ 22.05 (Vernon 2003). The jury assessed punishment at ten years' imprisonment and a
fine of $10,000. The sentence was suspended and appellant was placed on community
supervision for a period of ten years. On January 5, 2005, the State filed a motion to
revoke. Following an evidentiary hearing, the trial court revoked appellant's community
supervision and sentenced him to ten years' confinement in the Institutional Division of the
Texas Department of Criminal Justice. Because we conclude that appellant's appeal is
frivolous and without merit, we affirm. 

I. ANDERS BRIEF

 Appellant's counsel has filed an Anders brief with this Court, in which she states that
she has diligently reviewed the record and concludes that appellant has no non-frivolous
grounds for appeal. See Anders v. California, 386 U.S. 738 744-45 (1967). Although
counsel's brief does not advance any arguable grounds of error, it does present a
professional evaluation of the record demonstrating why there are no arguable grounds to
be advanced on appeal. Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crmi. App.
1991) (en banc). In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App.
1978), counsel has carefully discussed why, under controlling authority, there are no errors
in the trial court's judgment. Counsel certifies that she has served a copy of her brief on
appellant and informed appellant of his right to file a pro se brief. We conclude counsel's
brief meets the requirements of Anders. See Anders, 386 U.S. at 744; High, 573 S.W.2d
at 812. More than thirty days have passed and no pro se brief has been filed. 

II. INDEPENDENT REVIEW

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record and counsel's brief and we have found
nothing that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824,
826 (Tex. Crim. App. 2005). Standing alone, a plea of true is sufficient to support the trial
court's order of revocation. Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979);
Rivera v. State, 688 S.W.2d 659, 660 (Tex. App.-Corpus Christi 1985, no pet.). Appellant
pleded true to multiple allegations in the State's motion seeking revocation. We agree the
appeal is frivolous and without merit. Accordingly, we affirm the judgment of the trial court. 
See Bledsoe, 178 S.W.3d at 826; Stafford, 813 S.W.2d at 509. 

III. MODIFICATION OF JUDGMENT

 Counsel for appellant has brought to our attention that the judgment revoking
community supervision states that appellant was convicted of "Counts 1-3: Deadly
Conduct." Appellant, however, was only convicted by the jury of Count 1 of the indictment
alleging deadly conduct. (1) 

 Rule 43.2 of the rules of appellate procedure provides that a court of appeals may
modify the trial court's judgment and affirm it as modified. Tex. R. App. P. 43.2(b). When
an appellate court has the necessary data and evidence before it for modification, the
judgment and sentence may be modified on appeal. Banks v. State, 708 S.W.2d 460, 462

 (Tex. Crim. App. 1986); see Barecky v. State, 639 S.W.2d 943, 945 (Tex. Crim.
App. [Panel Op.] 1982) (holding that when appellate court has the same information for
modifying the judgment as the trial court would have were the judgment reversed or the
appeal dismissed, the judgment will be modified on appeal); Jordan v. State, 552 S.W.2d
478, 479 (Tex. Crim. App. 1977) (same). 

 Accordingly, we modify the trial court's judgment revoking community supervision
to reflect that appellant was convicted of deadly conduct, as alleged only in Count I of the
indictment. 

IV. MOTION TO WITHDRAW

 An appellate court may grant counsel's motion to withdraw filed in connection with
an Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); Stafford
813 S.W.2d at 511 (noting that Anders brief should be filed with request for withdrawal
from case). We grant counsel's motion to withdraw. We order counsel to advise appellant
promptly of the disposition of the case and the availability of discretionary review. See Ex
parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam). 

 

 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 22nd day of February, 2007.
1. On October 23, 2003, appellant was indicted by a Nueces County grand jury in a three-count
indictment alleging the third degree felony offense[s] of deadly conduct. See Tex. Pen. Code Ann. § 22.05
(Vernon 2003). On April 26, 2004, counts two and three were dismissed by agreement of the parties and a
jury trial was conducted on count one only. Both the jury charge and the judgment on jury verdict of guilty
indicate that the State abandoned counts two and three.